On petition for review filed August 12, petition for review allowed, case remanded to Court of Appeals to vacate its decision in *Stelljes v. Maass,* 92 Or App 96, 757 P2d 877 (1988), and to remand case to trial court for disposition of the proceedings pursuant to ORS 138.640 September 29, 1988

## RAYMOND GARY STELLJES,
*Petitioner on Review,*

*v.*

## MAASS,
*Respondent on Review.*

(TC 87-C-11261; CA A47282; SC S35399)

761 P2d 925

Raymond G. Stelljes, *pro se,* petitioner on review.

No appearance contra.

PER CURIAM

## PER CURIAM

We allowed review solely to remand this case to the Court of Appeals to vacate its decision in *Stelljes v. Maass,* 92 Or App 96, 757 P2d 877 (1988), and to remand the case to the trial court for disposition pursuant to ORS 138.640.

The document from which appeal was attempted in this case was entitled "ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT." The operative part states:

"* * * The court finds there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. The court expressly directs that final judgment be entered with respect to defendant's [sic] claims.

"NOW, THEREFORE, IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment against petitioner is allowed.

"IT IS FURTHER ORDERED AND DIRECTED that final judgment be entered in favor of defendant and against petitioner."

This is a post-conviction relief proceeding, and ORS 138.640 specifies how a trial court is to dispose of the proceeding:

"After deciding the issues raised in the proceeding, the court shall deny the petition or enter an order granting the appropriate relief. The court may also make orders as provided in ORS 138.520. The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided. This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata."

The statute is clear that where the court grants relief to the petitioner, an "order" of the kind described constitutes a final judgment for the purposes of appeal. The statute is not clear concerning the mechanics of denying the petition, but it appears from the third sentence that an order will do.

The document from which appeal was attempted

does not meet the requirements of ORS 138.640. The document is clearly an order granting a motion for summary judgment, but that order does not dispose of the case. The document contains a further order that a final judgment is to be entered, but the trial file does not contain any contemporaneous or subsequent document purporting to be that "final judgment."

Neither is there any further order or other document to "deny the petition," which is the manner to dispose of the proceeding where no relief is granted.

In summary, there is in the trial court file no order that meets the requirement of ORS 138.640, and there is no judgment that we could treat as such an order. There was no final disposition of the proceeding in the trial court and, therefore, no document from which an appeal could be taken.

The petition for review is allowed. The case is remanded to the Court of Appeals to vacate its decision in *Stelljes v. Maass,* 92 Or App 96, 757 P2d 877 (1988), and to remand the case to the trial court for disposition of the proceeding pursuant to ORS 138.640.