Argued and submitted September 18, 2009, decision of Court of Appeals affirmed in part and reversed in part; judgment of circuit court reversed, and case remanded to circuit court for further proceedings February 11, 2010

## VERENDRA DATT,
*Respondent on Review,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Petitioner on Review.*

(CC 05024238M; CA A130434; SC S056842)

227 P3d 714

Stacy RJ Guise, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

David J. Celuch, argued the cause and filed the brief for respondent on review.

WALTERS, J.

**WALTERS, J.**

In this post-conviction case, the post-conviction trial court denied petitioner's claim for relief and recorded on the judgment that it based its decision on a "failure of proof." In a divided decision, the Court of Appeals reversed that judgment, concluding that the post-conviction trial court's explanation did not satisfy the requirement of ORS 138.640(1)[1] that the post-conviction judgment "clearly state the grounds on which the cause was determined." *Datt v. Hill*, 220 Or App 657, 188 P3d 384 (2008). The majority reasoned that ORS 138.640(1) was intended to require post-conviction trial courts to make findings sufficient to facilitate appellate review and that, as to one of petitioner's claims, but not another, the terse explanation "failure of proof" did not meet that standard. *Id.* at 665. The dissent asserted that ORS 138.640(1) "does not require express findings" and that an appellate court's ability to engage in meaningful review is not the standard that the statute sets. Moreover, the dissent opined, even if meaningful appellate review were the touchstone, the explanation provided by the post-conviction trial court was minimally adequate. *Id.* at 668-69 (Rosenblum, J., dissenting). We allowed the state's petition for review and, for reasons that we explain, affirm the decision of the Court of Appeals in part and reverse in part. We reverse the judgment of the post-conviction trial court and remand for further proceedings.

The relevant facts are chiefly procedural. A jury convicted petitioner of multiple counts of first-degree sexual abuse and other crimes. He sought post-conviction relief under the Oregon Post-Conviction Hearing Act, ORS 138.510 to 138.680. Petitioner asserted that the inadequate performance of his criminal trial counsel resulted in a substantial denial of his state and federal constitutional rights.[2] In

---

[1] ORS 138.640(1) provides, in part:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. * * * The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

[2] ORS 138.530(1) provides, in part:

"Post-conviction relief * * * shall be granted by the court when one or more of the following grounds is established by the petitioner:

particular, petitioner alleged that counsel had performed inadequately in two distinct respects: (1) by failing to interview and call a witness, Rogers, to testify at trial; and (2) by requesting a jury instruction that called unnecessary attention to petitioner's custodial status.[3]

Using a standardized three-paragraph form, the post-conviction trial court issued its judgment denying relief. In paragraph (1), the court checked boxes to indicate that the court had considered a "Petition for Post Conviction Relief" and that the petition was "denied based on the following findings and conclusions." Thereafter, on blank lines provided, the court inserted "FAILURE OF PROOF." (Capitalization in original.) In paragraph (2), the court checked boxes to indicate that "[t]his matter involve[d] * * * Federal [and] State Constitutional issue(s)" and that "[a]ll questions were presented and decided." Paragraph (3) of the judgment consisted of a single boilerplate sentence: "This order shall constitute a final judgment for purposes of appellate review and for purposes of res judicata."

On receipt of the judgment, petitioner sent a letter to the post-conviction trial court, objecting that the judgment did not "clearly state the grounds on which the cause was determined." ORS 138.640(1). The court took no action in response. Petitioner then appealed. He assigned error both to the substance of the court's decision—the denial of post-conviction relief—and to the form of its judgment—its failure to comply with ORS 138.640(1). The Court of Appeals interpreted ORS 138.640(1) to require that a post-conviction trial court provide an explanation of the basis for its decision sufficient "to enable the appellate court to determine whether the [post-conviction] trial court committed a legal error that affected the result." *Datt*, 220 Or App at 660.

---

"(a) A substantial denial in the proceedings resulting in petitioner's conviction or in the appellate review thereof, of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void."

[3] In his petition for post-conviction relief, petitioner initially asserted five distinct allegations of inadequate assistance of counsel. On appeal, however, petitioner raised only the two inadequacies described in the text. For that reason, we do not discuss the other three allegations further.

On review, the state challenges that interpretation, arguing that it is not supported by the statute's text, context, or legislative history. According to the state, a post-conviction trial court complies with the requirements of ORS 138.640(1) if it provides a clear indication that it resolved the merits of each of the "types of claims" that a petitioner asserts. Petitioner, in response, argues that ORS 138.640(1) requires more. He contends that, to comply with that statute, a post-conviction trial court must "state the premise, reason, or collection of data (*i.e.*, evidence) on which the cause was determined."

■ ORS 138.640(1) requires that a post-conviction judgment "clearly state the grounds on which the cause was determined."[4] "Grounds" is not defined statutorily, and we therefore give it its "plain, natural, and ordinary meaning." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). Used in a legal context, "ground" denotes "[t]he *reason or point* that something (as a legal claim or argument) relies on for validity." *Black's Law Dictionary* 772 (9th ed 2009) (emphasis added); *see also Webster's Third New Int'l Dictionary* 1002 (unabridged ed 2002) (defining "ground," in part, as "the *foundation or basis* on which knowledge, belief, or conviction rests") (emphasis added). At first blush, then, ORS 138.640(1) would seem to require post-conviction trial courts to state clearly the reason or point, or foundation or basis, for their judgments.

■ The state contends that, if this court were to interpret ORS 138.640(1) to require that the reasons for a decision include a statement of the facts on which that decision is based, then the court inappropriately would be adding words to the statute. *See* ORS 174.010 (court may not insert what legislature has omitted); *Davis v. Campbell*, 327 Or 584, 589, 965 P2d 1017 (1998) (same). When the legislature intends to require findings of fact, contends the state, it uses the term "finds" or "findings," rather than the term "grounds." For example, ORS 138.500(1)(b) requires a post-conviction trial

---

[4] In the half century since its passage, the particular subsection with which we are concerned, ORS 138.640(1), has received little attention in this court's decisions. This court has cited it in only five cases, none of which is relevant to the issue currently before us. *See, e.g., Stelljes v. Maass*, 306 Or 655, 657, 761 P2d 925 (1988) (whether summary judgment could be construed as order disposing of case).

court to appoint counsel when it "finds" that petitioner is without funds.[5] As another example, ORCP 62 A provides a procedure by which parties may "demand[ ] prior to the commencement of * * * trial [that] the court * * * make special findings of fact, and * * * state separately its conclusions of law thereon."[6]

Thus, the state asserts, if the legislature had intended that post-conviction trial courts "find" facts or make "findings of fact," it would have imposed that requirement explicitly rather than using the word "grounds" to achieve that result. Although the state's point is a reasonable one, it is useful primarily to suggest a negative, *viz.*, that the legislature did not intend to require post-conviction trial courts to make "findings of fact." The state's point is less useful in helping us to answer definitively what the legislature did intend when it provided that a judgment must state the "grounds" on which a decision rests.

■      To that end, the state suggests that the word "grounds" has a specific meaning within the context of the Post-Conviction Hearing Act: it refers to the "types of claims" raised or decided. As its primary exhibit for that understanding, the state points to ORS 138.530(1), which provides, in part, that post-conviction relief shall be granted

"when one or more of the following *grounds* is established by the petitioner:

"(a)   A substantial denial in the proceedings resulting in petitioner's conviction, or in the appellate review thereof,

---

[5] ORS 138.500(1) is the current version of a requirement that was included in the Post-Conviction Hearing Act when it originally was enacted. *See* Or Laws 1959, ch 636, § 23(1) (circuit court shall appoint counsel "if it *finds* that petitioner or defendant is without funds to employ counsel") (emphasis added).

[6] ORCP 62 A applies in post-conviction proceedings. *See Young v. Hill,* 347 Or 165, 171, 218 P3d 125 (2009) (citing *Mueller v. Benning,* 314 Or 615, 621 n 6, 841 P2d 640 (1992) for proposition that, "unless otherwise provided for in the post-conviction statutes, Oregon Rules of Civil Procedure apply in post-conviction proceedings"). Thus, ORCP 62 A is a procedural mechanism by which a party in a post-conviction case can obtain specific factual findings and separately stated conclusions of law on the issues resolved by the judgment.

A similar procedure also existed when the original Post-Conviction Hearing Act was enacted in 1959. *See former* ORS 17.430 (1957), *repealed by* Or Laws 1965, ch 177, § 1 ("Upon the trial of an issue of fact by the court * * * [a]ll parties appearing in the case shall have the right to request either special or general findings.").

of petitioner's rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.

"(b)   Lack of jurisdiction of the court to impose the judgment rendered upon petitioner's conviction.

"(c)   Sentence in excess of, or otherwise not in accordance with, the sentence authorized by law for the crime of which petitioner was convicted; or unconstitutionality of such sentence.

"(d)   Unconstitutionality of the statute making criminal the acts for which petitioner was convicted."

(Emphasis added.) Indeed, in that provision of the act, the legislature appears to have used the word "grounds" to mean the "types of claims" that a petitioner may bring. The "grounds" or "types of claims" that give rise to post-conviction relief are those in which a petitioner asserts a denial of constitutional rights, lack of jurisdiction, excessive sentence, or the unconstitutionality of a statute.

The state identifies two other statutes within the Oregon Post-Conviction Hearing Act that use the term "grounds" in a way that, the state argues, also demonstrates that that word means "type of claims." ORS 138.550 provides, in part:

"(2)   When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no *ground for relief* may be asserted by petitioner in a petition for relief * * * unless such *ground* was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *.

"(3)   All *grounds for relief* claimed by petitioner in a petition * * * must be asserted in the original or amended petition, and any *grounds* not so asserted are deemed waived unless the court on hearing a subsequent petition finds *grounds for relief* asserted therein which could not reasonably have been raised in the original or amended petition. * * *."

(Emphases added.) ORS 138.580 provides, in part:

"The petition shall set forth specifically the *grounds upon which relief is claimed,* and shall state clearly the relief desired."

(Emphasis added.)

Both of those provisions reasonably could be read to use the word "grounds" and the phrases "grounds for relief" and "grounds upon which relief is claimed" to mean "types of claims." That is not, however, the only plausible interpretation of those terms. One also could understand those terms to refer to the facts that give rise to a claim for relief. In cases in which this court has considered the effects of a petitioner's failure to raise a "ground for relief," it has discussed whether particular facts should have been raised in an earlier petition. *See, e.g., Church v. Gladden,* 244 Or 308, 310, 417 P2d 993 (1966) (determining whether "grounds" asserted by petitioner, including that guilty plea was coerced and that indictment was based on inadmissible testimony, should have been raised in an earlier petition for post-conviction relief). And, in setting forth the pleading requirements applicable to all civil actions, ORCP 18 A requires that a party plead the ultimate facts constituting the "claim for relief."[7] It is not inconceivable that in ORS 138.550 and ORS 138.580 the legislature also used the term "grounds" and the phrases "grounds for relief" and "grounds upon which relief is claimed" to refer to the facts giving rise to a claim for relief.

We need not decide that issue, however, because those two statutes use those terms and phrases to describe the necessary components (whether legal or factual) of a petitioner's claim. ORS 138.640(1), the statute that we interpret in this case, uses the key term "grounds" differently to prescribe, not the components of a petitioner's claim, but the components of a court's decision. ORS 138.640(1) requires that a post-conviction trial court "clearly state the grounds on which the cause was determined." A court does not base its determination of a cause on the "types of claims" that it resolves; rather, a court bases its determination on the facts

---

[7] In 1959, when the Oregon Post-Conviction Hearing Act was passed, plaintiffs in their initial pleading were required to include "[a] plain and concise statement of the facts constituting the cause of action." *Former* ORS 16.210(2)(b) (1957), *repealed by* Or Laws 1979, ch 284, § 199.

that it finds to be true and the legal conclusions that it draws from those facts. That distinction leads us to conclude that, even though the legislature may have used the term "grounds" to mean "types of claims" in other provisions of the Oregon Post-Conviction Hearing Act, the legislature did not intend that same meaning when it used that term in ORS 138.640(1).

However, what the legislature *did* intend remains unresolved, and we turn to the legislative history of the act for further guidance. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (after considering text and context, court considers pertinent legislative history). In 1959, the legislature enacted the Oregon Post-Conviction Hearing Act as a comprehensive overhaul of Oregon's procedures for collateral attacks on criminal convictions. Or Laws 1959, ch 636.[8] The Oregon Post-Conviction Hearing Act is taken from the 1955 Uniform Post-Conviction Procedure Act (UPCPA). *Compare* UPCPA, 9B ULA 541 (1957), *with* Or Laws 1959, ch 636; *see also* Jack G. Collins and Carl R. Neil, *The Oregon Postconviction-Hearing Act*, 39 Or L Rev 337, 340-41 (1960) (citing UPCPA as major source for the act). We therefore examine the history of the uniform act and the context that led to its creation. *See Western Helicopter Services v. Rogerson Aircraft*, 311 Or 361, 364, 811 P2d 627 (1991) (consulting Commissioners' Comments to the Uniform Certified Questions of Law Act to inform analysis of Oregon statute taken from uniform law).

Beginning in 1867, persons who had been convicted of crimes in state courts could bring claims of violations of federal constitutional rights under the federal Habeas Corpus Act. Act of Feb 5, 1867, ch 28, § 1, 14 Stat 385 (codified as amended at 28 USC § 2254 (1996)). That law has required,

---

[8] What is now ORS 138.640(1) was section 14 of the 1959 act. That section provided, in part:

"The order making final disposition of the petition shall state clearly the grounds upon which the cause was determined, and whether a state or federal question, or both, was presented and decided."

Or Laws 1959, ch 636, § 14. Although the current version of ORS 138.640(1) refers to the "judgment" rather than the "order making final disposition," that alteration does not affect our analysis of what the legislature intended when it required post-conviction trial courts to "state clearly the grounds upon which the cause was determined."

however, that petitioners exhaust all available state remedies before seeking federal relief. 28 USC § 2254(b)(1)(A).[9] In 1949, the United States Supreme Court commented on the difficulties that petitioners faced in pursuing state remedies and urged that states provide inmates with "some clearly defined method by which they may raise claims of denial of federal rights." *Young v. Ragen*, 337 US 235, 239, 69 S Ct 1073, 93 L Ed 1333 (1949).

In 1952, the Conference of Chief Justices convened a special committee to study post-conviction issues. In its report, the committee made seven "Suggestions * * * for the Improvement of Post-Conviction Procedures in State Courts," including that states provide mechanisms for obtaining relief at least as broad as the relief available in federal court and that "procedural steps which must be taken in the exhaustion of State remedies * * * be as few, simple and clearly defined as possible." *Report of the Special Committee on Habeas Corpus to the Conference of Chief Justices*, 1 (1953). To address the difficulty of determining whether petitioners had exhausted state remedies, the committee recommended:

> "State courts of first instance or of last resort, in denying relief in habeas corpus or similar post-conviction procedures, * * * specify whether the judgment is based on procedural grounds under State law or upon consideration of the merits of the claim of Federal constitutional right."

*Id.* The committee explained:

> "It * * * appears to be the duty of State courts, wherever possible, to indicate in the judicial record, or in an opinion, whether a question of Federal right has been presented and decided, or whether the case is decided upon State grounds only. Since the assumption of jurisdiction by the Federal courts ordinarily depends upon the exhaustion of all State remedies, it is of vital importance that the procedural steps

---

[9] 28 USC § 2254(b) provides, in part:

"(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

"(A) the applicant has exhausted the remedies available in the courts of the State[.]"

in the State courts should be clearly outlined so that litigants may know when they have exhausted State remedies."

*Id.* at App, 12.

In 1954, the National Conference of Commissioners on Uniform State Laws (NCCUSL) undertook the drafting of a UPCPA to implement the recommendations of the special committee. *See* Commissioners' Prefatory Note to the UPCPA, 9B ULA at 541-42 (UPCPA intended to create state-law modifications recommended by the Special Committee on Habeas Corpus). In 1955, NCCUSL approved the UPCPA for adoption by the states. *Id.*

■ Section seven of the UPCPA contained the analog to the statute at issue in this case, ORS 138.640(1). That section provided, in part, that "[t]he order making final disposition of the petition shall clearly state the grounds on which the case was determined and whether a federal or a state right was presented and decided." *Id.* at 559. The Commissioners' Note that accompanies the UPCPA is explicit that that requirement was included "[t]o assist a federal court in its determination of jurisdiction in case the petitioner files a claim for relief in that court." *Id.* at 560. As noted, federal jurisdiction depended on whether, before coming into federal court, the petitioner had pursued available state remedies and sought in state court the same relief that he or she was seeking in federal court. The drafters of the UPCPA certainly intended, therefore, that a post-conviction trial court include in the "grounds" for a decision denying a claim for post-conviction relief sufficient information to enable a federal court to determine whether the denial was based on a petitioner's failure to comply with state procedural requirements, or whether the petitioner had appropriately utilized state procedures but failed to prove the merits of the federal claim asserted.

■ However, the history of the UPCPA does not indicate an intent to further require, as petitioner contends, that a post-conviction trial court articulate its decisions with the detail that would be required if the legislature had mandated that the court make findings of fact. Neither does that history

indicate a more limited intent to require, as the state contends, simple recitation of the "types of claims" that a post-conviction trial court has resolved. Findings of fact are not necessary, and identification of types of claims is not sufficient, to provide federal courts with the information that they need to determine habeas corpus jurisdiction.

Having navigated away from the extremes, we still find ourselves in the middle of the river. We must determine how extensive the Oregon legislature intended a post-conviction trial court's explanation of its reasons to be and whether the statement, "failure of proof," meets that statutory standard.

■     As noted, in this case, the Court of Appeals assumed that the test of the adequacy of the post-conviction trial court's statement of reasons was whether the court provided information sufficient to enable appellate review of claimed error. *Datt*, 220 Or App at 666. To conduct that assessment, the Court of Appeals considered the nature of the claims that petitioner had asserted. Petitioner had alleged that his counsel was constitutionally inadequate in two respects: (1) in failing to interview a witness, Rogers, and call him to testify at trial; and (2) in requesting a jury instruction that drew attention to petitioner's custody status. For both claims, petitioner was obligated to make two distinct constitutional showings: that counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991).

The Court of Appeals explained that the post-conviction trial court's statement that it had denied petitioner's claims on the basis of "failure of proof" was insufficient to enable the appellate court to determine whether petitioner had failed on one (and if so, which one) or both of the prongs of his proof. With respect to petitioner's claim that counsel was inadequate in failing to investigate, the Court of Appeals concluded that the post-conviction trial court's lack of specificity precluded appellate review. *Datt*, 220 Or App at 665. The Court of Appeals reasoned that, if the post-conviction trial court determined that petitioner had proved inadequacy, but not prejudice, it committed error. In the view

of the Court of Appeals, Rogers was an unbiased witness and, if counsel had been inadequate in failing to interview or call him, his testimony could have affected the result in the case. *Id.* However, if the post-conviction trial court determined that petitioner had *not* proved inadequacy, its decision should be affirmed.

With respect to petitioner's claim that counsel was inadequate for drawing attention to petitioner's custody status, the Court of Appeals ruled that a more detailed statement by the post-conviction trial court was not necessary to appellate review. No matter how the post-conviction trial court resolved the issue of inadequacy, there could be no prejudice because the post-conviction trial court had instructed the jurors to disregard petitioner's custody status and, absent evidence in the record to the contrary, the Court of Appeals would presume that the jurors had acted accordingly. *Id.* at 667.

Because the Court of Appeals held that compliance with ORS 138.640(1) turns on whether a post-conviction judgment provides information sufficient for judicial review, it reversed the post-conviction trial court's judgment as to the former claim but affirmed it as to the latter. *Id.* at 666. We disagree with the premise for the court's conclusion.[10]

It is a truism, and an important one, that a post-conviction trial court can be of great assistance to appellate courts by making findings of historical facts and explaining how its conclusions derive from those findings. Petitioners have the right to request findings of fact and conclusions of law under the procedure set forth in ORCP 62 A, and, if they do so, trial courts are required to comply.[11] When parties

---

[10] Our statement of explicit disagreement with that aspect of the Court of Appeals opinion is not intended to indicate agreement with all other aspects of its decision. For example, we do not intend to indicate agreement with the point that petitioner necessarily failed to prove prejudice with respect to his claim that counsel was inadequate for requesting a jury instruction that acknowledged his custody status, *Datt*, 220 Or App at 667. We simply do not reach that or other issues that we leave unaddressed.

[11] ORCP 62 A provides, in part:

"Whenever any party appearing in a civil action tried by the court so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon. In the absence of such a demand for special findings, the court may make either general or

make such a request or courts independently make that effort, an appellate court is not required to make assumptions about how the trial court resolved issues of credibility or disputed facts. *See Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968) (absent express findings of fact, disputed facts presumed to have been resolved consistently with trial court's legal conclusion). An understanding of how a post-conviction trial court actually, rather than presumptively, arrived at its decision enhances the effectiveness of appellate review. However, whether appellate courts would benefit from findings of fact or conclusions of law, does not determine the meaning of ORS 138.640(1).

We do not discern from the text of ORS 138.640(1), or its history, a legislative intent to use appellate court interest as the measure of the adequacy of a post-conviction judgment. Of greater assistance to us in deriving that standard is the legislature's requirement that the judgment *"clearly* state the grounds on which the cause was determined." ORS 138.640(1) (emphasis added). A "clear" statement is one that is "easily understood: without obscurity or ambiguity." *Webster's* at 419.

We conclude that, to be clear, and to enable federal courts to determine habeas corpus jurisdiction, a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent.[12]

In this case, the judgment of the post-conviction trial court meets the first two requirements. By reference to the petition and the trial court's statement that "all questions were presented and decided," we can identify the claims that

special findings. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact or conclusions of law appear therein."

[12] In reaching this result, we do not intend to indicate that post-conviction trial courts cannot use standardized forms to record their decisions. However, if forms are used, they must contain all the information required by ORS 138.640(1).

the court considered and decided: all of the claims that petitioner pleaded. We also can discern, from the court's statement that it denied relief based on a "failure of proof," that the court reached the merits of petitioner's claims and did not base its denial of each claim for relief on petitioner's failure to utilize or follow available state procedures.

However, the judgment of the post-conviction trial court does not clearly state the legal basis for the court's denial of each claim for relief. When success on the merits obligates a petitioner to make two distinct legal showings—in this case, that trial counsel's performance was constitutionally inadequate and that petitioner suffered prejudice as a result—a court does not clearly state the legal bases for its denial of each claim for relief unless it explains, with regard to each claim for relief, whether petitioner failed to prove one (and if so, which one) or both of those requirements. In this case, the judgment does not indicate, as to both of the claims that petitioner asserted, whether petitioner failed to prove inadequacy, prejudice, or both. The judgment therefore fails to meet the standard that ORS 138.640(1) sets.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.