Submitted July 26, reversed and remanded August 31, petition for review denied November 10, 2011 (351 Or 319)

**PAUL LLOYD TYREE,**
*Petitioner-Appellant,*

*v.*

**Mark NOOTH,**
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
07106174P; A141977

260 P3d 835

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant. Paul Lloyd Tyree filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Petitioner appeals from a judgment denying his petition for post-conviction relief. He raises several assignments of error, all but one of which we reject without discussion. We write only to address petitioner's contention that the judgment entered by the post-conviction court does not comply with ORS 138.640. Defendant concedes that the judgment in this case did not clearly state the "legal bases behind the court's denial of relief" and that the judgment likely "fell short of compliance with the statute."

Pursuant to ORS 138.640(1), a judgment granting or denying post-conviction relief "must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." To comply with the statute,

> "a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010). The post-conviction court's judgment in this case fails to comply with the mandate of ORS 138.640(1). Thus, the judgment must be reversed and the case must be remanded for the court to enter a judgment in compliance with the statute. *See id.* at 686 (reversing and remanding a judgment that failed to meet the standard set by ORS 138.640(1)); *see also State ex rel Juv. Dept. v. J. F. B.*, 230 Or App 106, 114-15, 214 P3d 827 (2009) (failure to include statutorily required findings in a judgment makes the judgment defective on its face and requires reversal).

Reversed and remanded.