Argued and submitted April 17, reversed and remanded June 17, 2015

ALISHA DAWN MYERS,
*Petitioner-Appellant,*

*v.*

Kim BROCKAMP,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
C092084CV; A151966

353 P3d 1

Jason L. Weber argued the cause and filed the briefs for appellant.

Pamela J. Walsh, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Petitioner appeals from a judgment denying her petition for post-conviction relief. She first assigns error to the court's denial of her claim alleging that the criminal trial court judge coerced her into waiving her right to a jury trial, and additionally argues that the judgment fails to comply with ORS 138.640(1), as construed in *Datt v. Hill*, 347 Or 672, 676, 227 P3d 714 (2010). We reverse and remand based on the deficiencies in the judgment, and do not reach petitioner's first assignment given those deficiencies.

We begin with the judgment. ORS 138.640(1) requires that a judgment granting or denying post-conviction relief "must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." In order to comply with the statute,

"a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685.

The judgment here fails to comply with ORS 138.640(1) because it fails the second and third prongs of *Datt*. First, the judgment fails to meet the third prong in that it does not clearly state the legal bases for the court's denial of each claim for relief, but instead focuses on petitioner's first claim, which alleged ineffective assistance of counsel based on her trial counsel's failure to investigate mitigation evidence. Although the judgment states that "all questions were presented and decided," it fails to address at all petitioner's second claim for relief, that her confession was coerced and that she was denied the assistance of counsel.

The judgment also fails to meet the second and third *Datt* prongs as to petitioner's third claim for relief (the subject of her first appellate assignment of error), which

alleged that the criminal trial judge coerced petitioner to agree to waive her right to a jury trial. The only possible reference to that claim in the judgment is the statement, "Attorney explained court vs. jury trial." The judgment thus fails to explain "whether the denial [of that claim] is based on * * * petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim * * *," and also fails to "make the legal bases for denial of relief apparent." *Datt*, 347 Or at 685. That petitioner's attorney explained the difference between a court trial and a jury trial, by itself, does not provide a legal basis for denying relief if the trial judge was indeed coercive. *Id.*

Because the post-conviction court's judgment in this case fails to comply with ORS 138.640(1), we reverse and remand for the court to enter a judgment in compliance with the statute. *See Walker v. State of Oregon*, 256 Or App 697, 700, 302 P3d 469 (2013) (when a judgment fails to comply with ORS 138.640(1), as elucidated in *Datt*, the judgment is "fatally deficient in that regard" and "we must reverse and remand for the court to enter a judgment that includes findings complying with ORS 138.640(1)").

Because of the judgment's deficiencies, we do not address the merits of petitioner's first assignment, which challenges the denial of her third claim for post-conviction relief. On remand, the post-conviction court will have an opportunity to address whether it disbelieved petitioner's deposition testimony about the trial judge's statements, which she contends is the only evidence presented to the post-conviction court but which is not addressed in the judgment.

Reversed and remanded.