Submitted October 2, 2015, reversed and remanded as to the denied claims for post-conviction relief for entry of judgment including the findings required by ORS 138.640(1), otherwise affirmed August 3, 2016

JAIRO ANDRES VICENTE,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
12099650P; A157402

380 P3d 1123

Joseph C. Guimond, Judge.

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## HADLOCK, C. J.

Petitioner pleaded guilty to aggravated murder with a firearm and first-degree robbery and received a sentence of life without the possibility of parole on the aggravated murder conviction, consecutive to a 90-month sentence on the robbery conviction. He later sought post-conviction relief, challenging both the validity of his guilty pleas and the adequacy of his trial attorney's representation. With respect to the inadequate-assistance claim, petitioner alleged that his lawyer had failed to ensure that the trial court entered a judgment that was consistent with the terms of the negotiated plea agreement, which contemplated a sentence of "[l]ife with parole after serving 30 years in prison." The post-conviction court granted petitioner partial relief: It entered a judgment allowing relief "only to the extent of correcting error in the judgment to get petitioner sentence he should have received." Petitioner raises a single claim of error on appeal, arguing that the post-conviction judgment does not comply with ORS 138.640(1), which requires such a judgment to "clearly state the grounds on which the cause was determined * * *." Defendant concedes the error. As we explain below, we agree with the parties that the post-conviction judgment does not satisfy the requirements of ORS 138.640(1) with respect to the denied claims for post-conviction relief. Accordingly, we reverse and remand for entry of a judgment that meets those requirements with respect to the denied claims, and otherwise affirm.

The facts pertinent to our analysis are procedural and undisputed. Petitioner was charged with several felonies, including two counts of aggravated murder with a firearm and multiple counts of first-degree robbery with a firearm. After negotiating with the prosecutor, petitioner signed a plea petition that required him to plead guilty to one count of aggravated murder with a firearm and one count of first-degree robbery with a firearm. The plea petition provided that petitioner and the prosecutor stipulated to a sentence of "life imprisonment with the possibility of parole after 30 years" on the aggravated murder conviction and a consecutive 90-month sentence for robbery. Defendant pleaded guilty, the court accepted the pleas, and sentencing was scheduled for a later date. Toward the close of the

plea hearing, the trial court reiterated that the sentence for aggravated murder was life imprisonment with "the possibility of parole after 30 years incarceration, and that's the possibility pursuant to the procedure described by statute," and that "the sentencing judge [would] be bound by this statutory plea negotiation[.]"

Notwithstanding the mutual understanding that petitioner would receive a life sentence with the possibility of parole, the court's written judgment imposed a sentence of "life without the possibility of release or parole" on the aggravated murder conviction, to be served consecutively to the sentence on the robbery conviction.

In his second amended petition for post-conviction relief, petitioner asserted several claims for relief. Petitioner's second claim for relief related directly to the criminal trial court's imposition of a life sentence without the possibility of parole, rather than a sentence of life with the possibility of parole, as petitioner's plea agreement had contemplated. Thus, in his second claim for relief, petitioner alleged that that he had received ineffective assistance of counsel because any lawyer "exercising reasonable professional skill and judgment would have reviewed the trial court's judgment and recognized that it had imposed a true life sentence in violation of its earlier agreement," and would have taken steps to address the problem. Petitioner's first claim also attacked the life sentence from a different direction, alleging that his pleas were not knowing, voluntary, and intelligent because he "would not have pleaded guilty absent a guarantee that he could withdraw his guilty pleas in the event that the trial court failed to impose the sentences contemplated by the parties' plea agreement."

Petitioner's second amended petition also included claims that were not based on the mistaken imposition of a life sentence without the possibility of parole (instead of life with the possibility of parole). In his third claim for relief, petitioner alleged that his guilty pleas were not knowing, voluntary, and intelligent because his lawyer had advised him, incorrectly, that "he would be released from prison after serving the combined minimum terms of imprisonment imposed upon him." Instead, petitioner asserted, his

lawyer should have informed him that he will become eligible for release on parole under ORS 163.105 only if he proves, after serving a minimum term of incarceration, that he is likely to be rehabilitated within a reasonable period of time. Petitioner alleged that he would not have pleaded guilty if he had had that information. In his fourth claim, petitioner alleged ineffective assistance of counsel based on his lawyer's failure to give him that advice. Fifth, petitioner alleged ineffective assistance of counsel based on his lawyer having advised him that, if he rejected the state's plea offer, the state would call two individuals who also participated in the murder and robbery to testify against petitioner. Petitioner claimed that his lawyer should have advised him of the availability of a jury instruction informing jurors that "they must view the testimony of an accomplice witness with distrust." Had petitioner been aware that the jury would be so instructed, he claimed, he would not have pleaded guilty.

At the post-conviction trial, petitioner testified in support of his claims. The prosecutor also testified at the post-conviction trial and acknowledged that plea negotiations had resulted in an agreement that petitioner "would receive a life sentence" for aggravated murder, consecutive to the sentence for robbery, and, "after the 30-year minimum had been served on the Murder conviction, [petitioner] would be eligible for a parole date." The prosecutor agreed that the "true life language" in the judgment was a "mistake." In closing arguments, the state's attorney argued that the post-conviction court should "get this judgment fixed" to give petitioner the benefit of the plea agreement, but should grant no further relief.

The post-conviction court ruled at the end of trial, agreeing that petitioner "is entitled to the benefit of the bargain that he struck," which the court described as "a sentence of life with the possibility of parole after 30 years plus the [sentence for] Robbery," with the practical result of a sentence of "life in prison with possibility of parole after 37 and-a-half years." The court generally rejected the remainder of petitioner's claims, without explicitly ruling on each of them individually, and stated that it would "make written findings on the record."

The post-conviction court then entered a judgment stating that it was granting post-conviction relief "only to the extent of correcting error in the judgment to get petitioner sentence he should have received—life with possibility of parole after 37 1/2 years." The judgment did not include any other reference to petitioner's several claims for post-conviction relief, except to indicate that the matter involved both federal and state constitutional issues, and that "[a]ll questions were presented and decided."

As noted, petitioner claims on appeal that the post-conviction judgment *does not satisfy* ORS 138.640(1), which requires the judgment in a post-conviction case to "clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." In *Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010), the Supreme Court explained that the statute imposes three requirements on "a judgment denying claims for post-conviction relief." At a minimum, such a judgment must

"(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Id.*

The judgment in this case is one "denying claims for post-conviction relief." *Id.* Accordingly—at least with respect to the claims it denied—the judgment was required to meet the three requirements set out in *Datt*.[1] Petitioner asserts, and defendant acknowledges, that the judgment did not meet the second and third of those requirements.

---

[1] We observed in *Soderstrom v. Premo*, 274 Or App 624, 629 n 5, 360 P3d 1272 (2015), *rev den*, 358 Or 550 (2016), that *"Datt* discussed the form that a judgment denying relief must take" and that neither we nor the Supreme Court had "determined the extent to which a judgment granting relief must take the same form." In this case, although the post-conviction judgment granted relief on one of petitioner's claims, petitioner challenges the form of the judgment only with respect to the claims for relief it denied. He does not argue that he is entitled to relief from this court because the post-conviction judgment does not more specifically explain the basis on which it *granted* one of his claims for relief. Accordingly, we do not address the extent to which a post-conviction judgment must comply with *Datt* with respect to any claims on which it grants relief.

We agree. The judgment does not state whether the post-conviction court rejected the denied claims on the merits or for procedural reasons. Nor does the judgment "make the legal bases for denial of relief apparent." *Id.* Because the judgment does not comply with ORS 138.640(1) with respect to the denied claims for post-conviction relief, we must reverse and remand for the post-conviction court to enter a judgment that complies with the requirements of that statute, as they are explained in *Datt*.

Reversed and remanded as to the denied claims for post-conviction relief for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.