Submitted March 3, affirmed August 3, 2016

MARTIN LOPEZ-BECERRA,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Washington County Circuit Court
C137464CV; A156280

380 P3d 1157

Thomas W. Kohl, Judge.

Jason L. Weber and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## ORTEGA, P. J.

In this case, defendant moved to dismiss petitioner's petition for post-conviction relief, which alleged claims of ineffective and inadequate assistance of counsel, on the ground that the petition was untimely. Petitioner acknowledged that his claims were untimely, but asserted that his untimeliness was excused under ORS 138.510(3) (providing an exception to the limitation period for "grounds for relief * * * which could not reasonably have been raised in the original or amended petition") because, before filing, he did not have the benefit of certain United States Supreme Court decisions that were issued after the two-year limitation period had ended. The post-conviction court rejected that argument and granted defendant's ORCP 21 motion to dismiss, stating in the general judgment:

> "This matter came before the Court on [defendant's] Motion to Dismiss for failure to Commence Action Within the Time Limited by Statute pursuant to ORS 138.510(3).
>
> "* * * * *
>
> "Based upon the motion made and filed herein, and good cause appearing therefore, it is ORDERED that [defendant's] Motion to dismiss be Granted."

On appeal, petitioner reasserts his argument that the limitation period was excused. We reject that assignment of error without further discussion. We do, however, briefly address his second and remaining assignment of error, in which he asserts that the judgment does not satisfy the requirements of ORS 138.640(1), as construed by the Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010).

Specifically, petitioner argues that the judgment in this case fails all three elements that a post-conviction judgment is required to include under ORS 138.640(1), as construed in *Datt*. Those requirements are:

> "(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685. In petitioner's view, the judgment fails to "identify the claims for relief" and "make separate rulings on each claim" because he raised at least two grounds for relief in his petition. Moreover, petitioner asserts, the judgment does not explain "why the court found that petitioner could reasonably have raised the claim at an earlier time." Defendant responds that the court's determination in this case is different from the kind of determination addressed in *Datt*. That is, in *Datt*, the Supreme Court decided that the judgment was inadequate because it failed the third prong of what a judgment requires—to "make the legal bases for denial of relief apparent"—when it did not indicate whether the petitioner "failed to prove inadequacy, prejudice, or both." *Id.* at 686. Here, in defendant's view, the trial court "simply noted the obvious," that petitioner's claims are time-barred and that was all that was required by ORS 138.640(1).

We conclude that the judgment satisfies ORS 138.640(1). As to the first prong of *Datt*—requiring that the judgment identify the claims for relief—it is, as the state contends, patently clear that both of petitioner's claims, which he acknowledged were not timely, were dismissed as such. As to *Datt*'s second prong—"whether the denial is based on petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim"—the judgment's reference to defendant's caption for its ORCP 21 motion ("Motion to Dismiss for failure to Commence Action Within the Time Limited by Statute pursuant to ORS 138.510(3)") was sufficient to make clear that the denial was based on procedural grounds. Likewise, for the third prong, reference to the caption was sufficient to make apparent the legal basis for the court's denial of relief. We reject petitioner's contention that the court's explanation required more. *See Datt*, 347 Or at 682 (legislative intention of ORS 138.640 was not to require a post-conviction court to "articulate its decisions with the detail that would be required if the legislature had mandated that the court make findings of fact"). Accordingly, we affirm the post-conviction court's judgment.

Affirmed.