KEVIN ROMOND WALLS,
*Petitioner-Appellant,*

*v.*

Mark NOOTH,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
10088309P; A158351

385 P3d 1244

Jed Peterson and O'Connor Weber LLP filed the opening brief for appellant. Kevin R. Walls filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief. On appeal, he raises three assignments of error. We reject all but one without discussion. We address only petitioner's claim that the post-conviction court's judgment does not comply with ORS 138.640(1) with respect to one of his claims for relief. Defendant concedes petitioner's argument and agrees that "the post-conviction court did not comply with ORS 138.640(1)." We agree as well. Accordingly, we reverse and remand for the court to include the findings required by ORS 138.640(1) with respect to petitioner's fifth claim.

ORS 138.640(1) provides, in part, that a "judgment [denying claims for post-conviction relief] must clearly state the grounds on which the cause was determined." Interpreting that statute, the Oregon Supreme Court held:

> "[A] judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010).

Here, the post-conviction court's judgment does not comply with *Datt*. Petitioner advanced five claims for relief for ineffective assistance of counsel. The post-conviction court's judgment sufficiently addressed each of petitioner's first four claims under *Datt*. However, the judgment failed to identify and make a separate ruling on petitioner's fifth claim for ineffective assistance of counsel. Therefore, the judgment does not comply with ORS 138.640(1) as interpreted by *Datt*.

Because the post-conviction court's judgment in this case fails to comply with ORS 138.640(1), we reverse and remand for the court to enter a new judgment that complies with that statute with respect to petitioner's fifth claim. *Myers v. Brockamp*, 271 Or App 716, 718, 353 P3d 1 (2015).

Reversed and remanded as to Claim 5 for entry of judgment including findings required by ORS 138.640(1); otherwise affirmed.