Submitted November 25, 2015; reversed and remanded as to the second and third claims for relief, for entry of judgment including the findings required by ORS 138.640(1), otherwise affirmed August 2, 2017

TRAVELL LAMONTE BRADFORD,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent, Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
10C10613; A154300

402 P3d 728

Jed Peterson filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

## HADLOCK, C. J.

Petitioner unsuccessfully sought post-conviction relief from his convictions for rape and other crimes. He raises three assignments of error on appeal. In his first two assignments, petitioner asserts that the post-conviction court erred when it precluded petitioner from testifying about the content of certain documents and photographs that were not, themselves, admitted as exhibits. We reject those two assignments of error without further discussion. In his third assignment of error, petitioner argues that the post-conviction court's judgment does not comply with the clear-statement rule of ORS 138.640(1), as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). We agree that the judgment does not satisfy the requirements of ORS 138.640(1) and *Datt* with respect to petitioner's second and third claims for post-conviction relief. Accordingly, we reverse and remand as to those claims for entry of a judgment that meets those requirements.

Following a jury trial, petitioner was convicted of first-degree rape, first-degree sodomy, fourth-degree assault, strangulation, and menacing. After his convictions were affirmed on direct appeal, petitioner sought post-conviction relief. Petitioner's first amended petition for post-conviction relief included three claims. In his first claim for relief, petitioner alleged that he had been deprived of constitutionally adequate assistance of trial counsel. Petitioner identified 20 alleged failings of his lawyer, ranging from failure "to conduct an adequate investigation which would have yielded exculpatory witnesses and evidence[,]" to failure to impeach various state witnesses, through failure to adequately cross-examine the victim. In his second and third claims for relief, petitioner alleged prosecutorial misconduct, asserting (among other things) that prosecutors committed *Brady* violations by withholding exculpatory evidence.

Following a bench trial, the post-conviction court announced that it would enter judgment in favor of the defendant superintendent. The court explained that petitioner had not proved that his trial lawyer committed any "error" and that, even if petitioner had shown any such error, petitioner had not proved that "substantial prejudice" had resulted.

The court subsequently entered a judgment that denied the first amended petition for post-conviction relief and included findings and conclusions that expressly addressed, and rejected, most of petitioner's claims about ways in which he believed his lawyer had performed inadequately. The judgment also included these more general statements about the court's reasons for denying post-conviction relief:

"Petitioner has not proven that any error was committed by trial counsel. Nor has he proven that any alleged error had occurred that there is a reasonable probability that the result would have been different.

"* * * * *

"All other claims made by Petitioner are either unintelligible, or are so without merit as to be unworthy of further comment.

"* * * * *

"The court also relies on any statements made at the end of the trial."

In addition, the judgment stated:

"With regard to any issues not specifically addressed above, the Court relies upon and adopts the facts and law in * * * Defendant's Trial Memorandum as the Court's findings of fact and conclusions of law. Petitioner has * * * failed to meet his burden of proof. Except as specifically provided herein, this judgment determines all issues presented."

As noted, petitioner asserts on appeal that the post-conviction judgment does not comply with the requirements of ORS 138.640(1).[1] As explained in *Datt*, that statute imposes a clear-statement rule, requiring judgments denying relief in post-conviction cases to do at least three things:

"(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a

---

[1] ORS 138.640(1) provides:

"After deciding the issues raised in the [post-conviction] proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685. A post-conviction judgment can meet the first requirement by referring to the petition and stating that "'all questions were presented and decided.'" *Id.* at 685-86 (quoting judgment of the post-conviction trial court).

Here, petitioner contends that the judgment fails to comply with each of the three *Datt* requirements. First, petitioner contends that the judgment does not "make separate rulings on each claim" because it does not identify "the basis for the court's ruling on each of the 20 separate reasons why petitioner's trial attorney was inadequate and ineffective." Petitioner observes that the court appeared to dispose of multiple specifications of inadequate assistance by rejecting only *some* of them for particular reasons, then stating that "[a]ll other claims made by Petitioner are either unintelligible, or are so without merit as to be unworthy of further comment." Second, petitioner contends that the judgment improperly fails to "declare, with regard to each claim," whether the claim was rejected on procedural grounds or because it lacked merit. According to petitioner, a post-conviction court's rejection of a claim as "unintelligible" may reflect "a procedural flaw." Third, petitioner argues that the judgment does not "make the legal bases for denial of relief apparent" with respect to his claims of prosecutorial misconduct. "[B]ecause the court did not explain its rationale," petitioner contends, "a reviewing court cannot determine from the judgment what petitioner failed to prove" with respect to those claims of prosecutorial misconduct.

Petitioner's first argument fails in light of our decision in *Soderstrom v. Premo*, 274 Or App 624, 360 P3d 1272 (2015), *rev den*, 358 Or 550 (2016). There, as here, the petitioner's first claim for post-conviction relief was based on several specifications of inadequate performance by trial counsel. The judgment "explicitly addressed several of petitioner's specifications of trial counsel inadequacy and ineffectiveness" and then rejected the remainder as "'without merit'" and "'not worthy of further comment.'" *Id.* at 627. And there, as in this case, the judgment stated that, except

as otherwise provided, the judgment "determines all issues presented." *Id.* We held that those statements "clearly communicate[d] that the post-conviction court considered 'all' claims," satisfying the first requirement of *Datt.* The same is true here.

Petitioner's second argument fares little better. Petitioner focuses on the post-conviction court's statement that some of petitioner's specifications of trial counsel inadequacy were "either unintelligible, or * * * so without merit as to be unworthy of further comment." Petitioner argues that the post-conviction court may have meant, by using the word "unintelligible," that he had not fairly presented those claims of inadequate representation, thus presenting "a procedural flaw that could prevent petitioner from successfully raising the issue in federal habeas review." We disagree. Throughout the litigation of this case, neither defendant nor the court has suggested that any of petitioner's claims were barred for a procedural reason. Rather, we agree with defendant that a more reasonable reading of the post-conviction court's judgment results in viewing the word "unintelligible," in context, as emphasizing the post-conviction court's determination that some of petitioner's specifications of inadequate performance utterly lacked merit.[2]

Petitioner is correct, however, that the post-conviction court's judgment does not comply with the third *Datt* requirement because it fails to make apparent the legal bases for denying relief on petitioner's second and third claims of relief. Those claims raise allegations of prosecutorial misconduct, including *Brady* violations.

We perceive nothing in the judgment that expressly addresses the post-conviction court's reasons for denying relief on petitioner's prosecutorial misconduct claims. Defendant argues to the contrary, asserting that those claims are resolved by the court's "finding that petitioner failed to adduce any exculpatory evidence." We disagree.

---

[2] We observe that the claims in petitioner's first amended petition for post-conviction relief are not literally unintelligible. That is, they are not "difficult to comprehend" or "obscure." *See Webster's Third New Int'l Dictionary* 2499 (unabridged ed 2002) (defining "unintelligible" in part as "difficult to comprehend : obscure").

Read in context, that finding relates directly to the first specification of petitioner's inadequate-assistance claim, which was based on an allegation that his lawyer failed "to conduct an adequate investigation which would have yielded exculpatory witnesses and evidence."

The judgment's failure to address the court's reasons for denying relief on the prosecutorial misconduct claims is not remedied by the judgment's statement that, with regard to issues not expressly addressed in the judgment, "the Court relies upon and adopts the facts and law in * * * Defendant's Trial Memorandum as the Court's findings of fact and conclusions of law." As we explained in *Soderstrom*, "[a]rguments by lawyers are not rulings by courts," and that kind of reference—which does not identify precisely *which* of defendant's arguments the post-conviction court has accepted—does not satisfy *"Datt*'s directive that, with respect to each claim, the judgment explain what elements the post-conviction court found were not met." 274 Or App at 628.

Nor can the judgment be saved by its reference to relying on "any statements made at the end of the trial." True, a post-conviction judgment may satisfy *Datt* through "oral findings that the post-conviction court makes on the record and incorporates into the judgment by reference." *Asbill v. Angelozzi*, 275 Or App 408, 413, 365 P3d 587 (2015), *rev den*, 358 Or 794 (2016). But that can suffice only when the trial court actually has made express findings on the record that, themselves, meet the *Datt* requirements. Defendant has not identified any statements that the post-conviction court made on the record that explain the legal bases for the court's rejection of petitioner's second and third claims for relief, and we are not aware of any. Accordingly, the judgment does not meet the third *Datt* requirement with respect to petitioner's second and third claims for relief, and remand is necessary so the court may enter a judgment that fully complies with *Datt*.

Reversed and remanded as to the second and third claims for relief, for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.