Argued and submitted June 21, 2016, reversed and remanded August 30, 2017

# WILLIAM JOHN KULHAVY,
## *Petitioner-Appellant,*

*v.*

## Jeri TAYLOR,
### Superintendent,
### Two Rivers Correctional Institution,
#### *Defendant-Respondent.*

### Umatilla County Circuit Court
### CV130697; A157289

404 P3d 1079

Jason Weber argued the cause for appellant. With him on the brief was O'Connor Weber LLP.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before DeVore, Presiding Judge, and Tookey, Judge, and Garrett, Judge.*

_____

* Tookey, J., *vice* Duncan, J. pro tempore; Garrett, J., *vice* Flynn, J. pro tempore.

**TOOKEY, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief, raising three assignments of error. In his third assignment of error, petitioner contends that the post-conviction court's judgment did not comply with ORS 138.640(1), as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). Defendant concedes that the post-conviction court's judgment was not *Datt* compliant. We agree and accept defendant's concession. Accordingly, we reverse and remand based on that deficiency in the judgment and do not address the merits of the other assignments of error.[1]

ORS 138.640(1) provides that a post-conviction judgment granting or denying relief "must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented or decided." To comply with the statute,

"a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685.

On its face, the post-conviction judgment in this case includes checked boxes that indicate that petitioner's post-conviction claims for relief came before the post-conviction court for a "trial," that the petition for post-conviction relief was "denied," and that the matter involved federal and state constitutional issues where "[a]ll questions were presented and decided." The lines available for explanation of the

---

[1] In his first assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that his trial counsel was inadequate and ineffective for failing to object to the trial court's incorrect instruction regarding sentencing and merger. In his second assignment of error, petitioner argues that the post-conviction court erred when it denied relief on his claim that his trial counsel was inadequate and ineffective for failing to object to a doctor's testimony that purportedly diagnosed the victim as being sexually abused and vouched for the victim's credibility.

court's findings and conclusions are blank and the judgment does not provide that oral findings by the court are incorporated into the judgment by reference. *Compare Asbill v. Angelozzi*, 275 Or App 408, 413, 365 P3d 587 (2015), *rev den*, 358 Or 794 (2016) (concluding that "the requirement that a judgment denying post-conviction relief 'make the legal bases for denial of relief apparent,' * * * can be met by oral findings that the post-conviction court makes on the record and incorporates into the judgment by reference"). Despite disagreement about whether the judgment complies with the first and third requirements of *Datt*, the parties agree that the judgment fails to comply with *Datt*'s second requirement. Consequently, the judgment is deficient.

Moreover, because the *Datt* deficiency impairs our review function, we do not address petitioner's other assignments of error. *See, e.g., Gonzales v. Taylor*, 274 Or App 631, 635, 362 P3d 896 (2015), *rev den*, 358 Or 611 (2016) (similarly remanding where "[t]he post-conviction court will have the opportunity to further consider the claim on remand, and the court's clarification of its basis for denying relief may obviate the need for appellate review of the merits of its ruling").

Because the post-conviction court's judgment in this case fails to comply with ORS 138.640(1) and because that noncompliance hampers our review of the merits of petitioner's remaining assignments of error, we reverse and remand for the court to enter a judgment in compliance with the statute. *See Walker v. State of Oregon*, 256 Or App 697, 700, 302 P3d 469, *rev den*, 354 Or 62 (2013) (when a judgment fails to comply with ORS 138.640(1) as construed by *Datt*, "we must reverse and remand for the court to enter a judgment that includes findings complying with ORS 138.640(1)").

Reversed and remanded.