No. 1159        December 31, 2025        337

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS W. BERGER,
*Defendant-Appellant.*

Union County Circuit Court
23VI125286; A183677

Wes Williams, Judge.

Argued and submitted January 29, 2025.

Curtis W. Berger argued the cause and filed the brief *pro se*.

Robert Hansler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant challenges his convictions for speeding pursuant to ORS 811.111 and careless driving pursuant to ORS 811.135. Defendant raises three assignments of error: first, that the trial court erred by not requiring the testifying officer to take judicial notice of the use of RADAR/LIDAR; second, that the trial court erred in finding him guilty without specifying the precise location of the infraction and citation number on his judgment; and, third, that the trial court erred when it found him guilty of careless driving without considering the pursuit of the citing officer. As we will discuss, because defendant did not develop his arguments sufficiently for us to consider, and because the arguments would fail on the merits even if we inferred the most colorable arguments from defendant's briefing, we affirm.

Defendant was pulled over and cited for driving 105 mph in a 70-mph zone and was cited for careless driving. The citing officer testified at trial that, after pursuing defendant and activating emergency lights, defendant broke hard and swerved sharply in front of a truck, risking a collision. The trial court found defendant guilty of both infractions.

In his first assignment, defendant argues that the trial court erred when it "upheld the speeding ticket against appellant without requiring the traffic officer to provide judicial notice for the usage of Laser device." We unfortunately struggle to understand the precise legal argument defendant makes, and, as such, we "decline to go in search of a substantive argument." *OTECC v. Co-Gen*, 168 Or App 466, 488, 7 P3d 593 (2000). However, even if we infer defendant to be arguing that the officer's testimony regarding defendant's speed was inadmissible because the officer did not testify that notice was provided under state and federal law, defendant points to no legal authority to support the argument. As such, we find no error.

Likewise, defendant makes no argument to support his second assignment of error—that the trial court failed to determine the precise location of the infraction—and points to no legal authority that requires the trial court to

have done so. Even if we infer that defendant was arguing that the evidence was insufficient as a matter of law, we agree with the state that there is no statute that requires the inclusion of the citation location or identification numbers on any judgments. *See Datt v. Hill*, 347 Or 672, 676, 227 P3d 714 (2010) (stating that statutes are what govern what must be included in judgments).

Finally, we agree with the state that defendant failed to preserve his third assignment regarding what the trial court considered, as he made no objection below regarding the sufficiency of the evidence and did not challenge the court's findings. But, even if he did preserve the issue, we agree with the state that the evidence was sufficient because defendant was driving 35 mph over the speed limit, broke hard, and swerved in front of a truck. That evidence was sufficient under ORS 801.135 (describing careless driving as driving "in a manner that endangers or would be likely to endanger any person or property).

Affirmed.