Submitted April 23, reversed and remanded May 22, petition for review denied August 15, 2013 (354 Or 62)

GORDON DEAN WALKER,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV09080165; A147043

302 P3d 469

Erin Galli and Chilton & Galli, LLC, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Chief Judge, and Brewer, Judge pro tempore.

HASELTON, C. J.

## HASELTON, C. J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner first asserts that the post-conviction court abused its discretion in resolving his request for appointment of new counsel on the day of trial. We reject that argument without discussion. Petitioner also asserts that the judgment denying post-conviction relief does not comply with ORS 138.640(1) because it does not make the findings required by that statute, as interpreted in *Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010). Petitioner asserts that that deficiency constitutes an "error of law apparent on the record," ORAP 5.45(1), and that we should exercise our discretion pursuant to *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991), to review and correct that error. Defendant remonstrates that the asserted error is not "plain error" and, in all events, we should not exercise our *Ailes* discretion. For the reasons that follow, we conclude that, (1) because the asserted error in the judgment was not susceptible to preservation, *see Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008), the "plain error" construct, including the constraints on review of purported plain error, are inapposite here; and (2) the judgment did not comport with the requisites of ORS 138.640, as elucidated in *Datt*. Accordingly, we reverse and remand.

Under ORS 138.640(1), a judgment granting or denying post-conviction relief "must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." In *Datt*, the Supreme Court expounded on that statutory mandate:

"[A] judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

347 Or at 685.

Here, the typed portion of the judgment denying post-conviction relief states, in pertinent part:

"The Court considered both state and federal constitutional questions. All questions were presented and decided.

"The Court having considered all evidence before it and, based on the Court's comments on the record, Findings of Fact and Conclusions of Law separately entered[.]"

The judgment thereafter contains a handwritten notation: "As no findings were requested, none will be signed." Thus, there were no "Findings of Fact and Conclusions of Law separately entered."

As noted, petitioner asserts that the judgment does not comport with the requisites of ORS 138.640(1), as amplified in *Datt*. Both parties assume that, because petitioner did not raise that objection before the trial court, our review is subject to the constraints of the "plain error" exception to the preservation requirement, as prescribed in *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990), and *Ailes*.

The parties' mutual, threshold assumption in that regard is incorrect. The dictates of preservation do not apply—and, hence, the "plain error" construct is inapposite—where a party has no practical ability to object to the purported error before entry of judgment. *See, e.g.*, *Peeples*, 345 Or at 220 ("In some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue."); *State v. Wilson*, 245 Or App 365, 368, 263 P3d 1107 (2011) (holding that preservation was not required because the appellant had no opportunity to object to restitution award contained in judgment until it was entered); *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 182, 205 P3d 36 (2009) (the appellant did not need to preserve issue concerning judgment's lack of statutorily required findings because she had no practical ability to raise the issue until after the court entered the judgment).

Those principles control here. Until the post-conviction court issued its judgment, petitioner had no reason to know that it would not include findings comporting with ORS 138.640(1).[1] Thus, the issue on appeal, uncomplicated by reference to *Brown* or *Ailes*, is straightforward: Did the

---

[1] There is no indication in the record, for example, that a proposed form of post-conviction relief judgment as ultimately entered was circulated to petitioner, affording him a practical opportunity to object.

judgment include findings sufficient to satisfy ORS 138.640(1), as elucidated in *Datt*? The judgment is fatally deficient in that regard. Accordingly, we must reverse and remand for the court to enter a judgment that includes findings complying with ORS 138.640(1).

Reversed and remanded.