Submitted April 17, reversed and remanded June 3, 2015

PATRICK McKEACHIE,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV110123; A152458

350 P3d 610

Jason L. Weber filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael J. Slauson, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals from a judgment denying his petition for post-conviction relief. Petitioner raises two assignments of error; we write only to address petitioner's contention that the post-conviction court's judgment does not comply with ORS 138.640 and conclude that petitioner is correct. Accordingly, we reverse and remand.

ORS 138.640(1) requires that a judgment granting or denying post-conviction relief "must clearly state the grounds on which the case was determined, and whether a state or federal question was presented and decided." To comply with the statute,

"a judgment denying claims for post-conviction relief must, at a minimum: (1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt v. Hill*, 347 Or 672, 685, 227 P3d 714 (2010).

The post-conviction court's judgment fails to comply with ORS 138.640(1). Although the judgment complies with the *Datt* factors for the first and third claims, it fails the third prong of *Datt* in that it does not clearly state the legal bases for the court's denial of the second and fourth claims for relief. As to the second claim for prosecutorial misconduct, the judgment addresses only one of several items of evidence that petitioner alleges were withheld as discovery violations, and omits mention of the rest. As to the fourth claim for general due process violations, likewise, the judgment addresses only a subset of the denials of due process alleged and omits mention of the rest. Accordingly, the judgment is not sufficient to "make the legal bases for denial of relief apparent." *Id.*

Because the post-conviction court's judgment in this case fails to comply with ORS 138.640(1), we reverse and remand for the court to enter a judgment in compliance with the statute. *See Walker v. State of Oregon*, 256 Or App 697,

700, 302 P3d 469 (2013) (when a judgment fails to comply with ORS 138.640(1), as elucidated in *Datt,* the judgment is "fatally deficient" in that regard and "we must reverse and remand for the court to enter a judgment that includes findings complying with ORS 138.640(1)").

Reversed and remanded.