## JAMIE SODERSTROM,
*Petitioner-Appellant,*

*v.*

## Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
09C19860; A154278

360 P3d 1272

Ryan O'Connor filed the opening brief for appellant. Jamie Soderstrom filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Nakamoto, Judge, and Garrett, Judge.

LAGESEN, P. J.

**LAGESEN, P. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief. The petition alleged three claims for relief: (1) petitioner's convictions were secured in violation of his state and federal constitutional rights to the adequate and effective assistance of counsel (Claim 1); (2) petitioner's convictions were secured in violation of his state and federal constitutional rights to the adequate and effective assistance of appellate counsel (Claim 2); and (3) petitioner's convictions were secured in violation of his right to due process, in that the prosecutor failed to disclose material, exculpatory evidence to petitioner before trial, in violation of the prosecutor's obligations under *Brady v. Maryland*, 373 US 82, 83 S Ct 1194, 10 L Ed 2d 215 (1963) (Claim 3).[1] He assigns error to the post-conviction court's failure to enter judgment in the form required by ORS 138.640(1),[2] as construed by the Oregon Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010).[3] He also assigns error to the post-conviction court's denial of relief on Claim 1, his trial counsel claim. In addition, in a *pro se* supplemental brief, petitioner advances additional arguments as to why his conviction should be invalidated because of allegedly ineffective assistance of trial counsel. Although we reject petitioner's arguments that the post-conviction court erred in denying relief on the merits on Claim 1, we agree that the form of judgment entered by the post-conviction court does not satisfy the requirements of ORS 138.640(1)

---

[1] Although the petition characterized Claim 3 as "prosecutorial misconduct" in violation of "the Oregon Constitution and the Fourteenth Amendment to the United States Constitution," rather than as a *Brady* claim, the memorandum that petitioner filed in support of the petition made clear that petitioner was asserting a *Brady* claim.

[2] ORS 138.640(1) provides:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

[3] Petitioner's challenge to the form of judgment is not preserved. However, petitioner did not have an opportunity to challenge the form of judgment before the trial court entered judgment. Under these circumstances, as the state acknowledges, we routinely have concluded that the requirement of preservation is excused. *See Walker v. State of Oregon*, 256 Or App 697, 302 P3d 469 (2013).

and *Datt* with respect to Claims 2 and 3. Accordingly, we reverse and remand for entry of a judgment that does.

By its terms and as construed in *Datt*, ORS 138.640(1) imposes a clear-statement rule on judgments in post-conviction proceedings: "[T]he judgment [in a post-conviction case] must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." To satisfy that clear-statement rule, a post-conviction judgment that denies relief[4] must, at a minimum, do three things:

> "(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685. If a particular claim has more than one element, then, to "make the legal bases for denial of relief apparent," the judgment must identify each element that the court determined was not met:

> "When success on the merits obligates a petitioner to make two distinct legal showings—in this case, that trial counsel's performance was constitutionally inadequate and that petitioner suffered prejudice as a result—a court does not clearly state the legal bases for its denial of each claim for relief unless it explains, with regard to each claim for relief, whether petitioner failed to prove one (and if so, which one) or both of those requirements."

*Id.* at 686. Where a post-conviction petition alleges more than one "claim" for post-conviction relief, we perform a claim-by-claim assessment of a judgment's compliance with *Datt. See, e.g., McKeachie v. Coursey*, 271 Or App 575, 576-77, 350 P3d 610 (2015) (so doing).

Here, as noted, petitioner alleged three separate "claims" for relief in the post-conviction petition. Each of those claims involved two elements. Claim 1, regarding petitioner's trial counsel, and Claim 2, regarding petitioner's

---

[4] *Datt* discussed the form that a judgment denying relief must take. Neither we nor the Supreme Court have determined the extent to which a judgment granting relief must take the same form.

appellate counsel, each required petitioner to demonstrate (1) that the lawyer's performance was not the product of reasonable professional skill and judgment, and (2) that petitioner was prejudiced as a result. *See, e.g., Pratt v. Armenakis*, 199 Or App 448, 455, 464, 112 P3d 371 (2005) (stating elements of claims for inadequate assistance of trial and appellate counsel). Claim 3, regarding the prosecutor's failure to comply with *Brady* obligations, required petitioner to demonstrate that (1) the prosecutor failed to disclose material, exculpatory evidence, and (2) petitioner was prejudiced as a result. *Brady*, 373 US at 87.

In the light of those particular claims, *Datt*'s clear-statement rule required the judgment in this case to express in some clear way that the post-conviction court had addressed each of those three claims, whether the basis for the court's rejection of any given claim was on procedural grounds, on the merits, or both, and, with respect to each claim, the particular elements that the court found were not met. Although the judgment did so with respect to Claim 1 (the trial counsel claim), it did not do so with respect to Claims 2 and 3.

Regarding *Datt*'s first requirement, the judgment adequately indicated that the court considered all claims presented. The judgment explicitly addressed several of petitioner's specifications of trial counsel inadequacy and ineffectiveness and then stated, "[a]ll of petitioner's other claims are without merit [and] are not worthy of further comment." The judgment also states, "[e]xcept as specifically provided herein, this judgment determines all issues presented." Those statements clearly communicate that the post-conviction court considered "all" claims.

Regarding *Datt*'s second requirement, the judgment adequately indicated that the post-conviction court rejected each of petitioner's three claims on the merits, rather than for procedural reasons. As to Claim 1, the judgment states:

"The court finds that during [and] leading up to this bench trial, Petitioner has not proven that trial counsel committed any errors which might amount to ineffective assistance of counsel. Even if any error was proven, Petitioner has not proven anything which would demonstrate that

> the defense was substantially prejudiced so as to probably affect the outcome."

That statement signals that the post-conviction court rejected that claim regarding trial counsel on the merits. As to Claims 2 and 3, the judgment's statement that "[a]ll of petitioner's other claims are without merit" states with sufficient clarity that the post-conviction court rejected those claims on the merits.

As to *Datt*'s third requirement, the judgment satisfies it as to Claim 1, but falls short with respect to that requirement for Claims 2 and 3. Although the judgment clearly states how the post-conviction court ruled with respect to each element of Claim 1, petitioner's trial-counsel claim—as the paragraph quoted above indicates—the judgment is silent as to how the post-conviction court ruled with respect to the elements of the appellate-counsel claim, and is also silent as to how the post-conviction court ruled as to the elements of the *Brady* claim.

The state does not seriously dispute that the terms of the judgment itself do not comply with *Datt*'s third requirement with respect to the appellate counsel claim and the due process claim. Instead, the state argues that the judgment adequately complied with *Datt* as to those claims by stating that, "the Court relies upon and adopts the facts and law in * * * Defendant's Trial Memorandum as the Court's findings of fact and conclusions of law" and that "[t]he court also relies upon the arguments set forth in Defendant's brief * * *."

We disagree that the judgment's general reference to the arguments in the state's trial brief satisfies *Datt*'s directive that, with respect to each claim, the judgment explain what elements the post-conviction court found were not met. *Datt*, 347 Or at 685-86. Arguments by lawyers are not rulings by courts. Although it may be possible to glean the basis for a post-conviction court's rejection of a particular claim by reviewing the oral or written arguments of counsel, the point of ORS 138.640(1)'s clear-statement rule, according to *Datt*, is to produce judgments that will be easily understood by a federal court reviewing the judgment under 28 USC section 2254. *Id.* (construing the ORS 138.640(1)

requirement that a judgment "clearly state" the basis for decision to mean that the judgment be "easily understood"). A judgment requiring a reviewing court to translate the arguments of counsel contained in a different document into a ruling by the post-conviction court is not one that is "easily" understood; it requires work and some degree of speculation to understand. Further complicating matters is the fact that a reviewing federal court may not always have in front of it the oral or written arguments of the lawyers at the trial level of the post-conviction proceeding. The rules governing proceedings under section 2254 do not require those materials to be submitted as a matter of course, although a federal district court would have the power to order their submission if necessary to decipher a post-conviction judgment. Rule 5(c) and (d), Rules Governing 28 USC § 2254 Cases (identifying the state-court materials to be submitted in a federal habeas corpus proceeding); Rule 7, Rules Governing 28 USC § 2254 Cases (explaining court's authority to order submission of additional materials). For that reason, we conclude that the judgment's reference to the state's trial memorandum does not render it compliant with *Datt*.[5]

In the alternative, pointing to the United States Supreme Court's decision in *Harrington v. Richter*, 562 US 86, 131 S Ct 770, 178 L Ed 2d 624 (2011), the state argues that the Oregon Supreme Court's interpretation of ORS 138.640(1) in *Datt* was founded on a misunderstanding of the requirements of federal habeas corpus practice. The state urges us to recognize that misunderstanding, and to decline to rigidly enforce *Datt*'s form-of-judgment requirements on that ground. That is an argument more appropriately directed to the Oregon Supreme Court than to us. Unless the Supreme Court modifies its holding in *Datt*, we, as an intermediate appellate court, must adhere to it.

Because the post-conviction court's form of judgment, as to Claims 2 and 3, does not comply with ORS 138.640(1) as construed in *Datt*, we must reverse and

---

[5] We note that a post-conviction court may place the responsibility for translating persuasive oral or written arguments by a lawyer into a *Datt*-compliant judgment onto the lawyers for the parties. Under ORS 18.035 and UTCR 5.100, it can direct a lawyer to prepare and circulate a proposed judgment document containing the information required by *Datt*.

remand for the post-conviction court to enter judgment that includes the required statements with respect to those claims. *McKeachie*, 271 Or App at 576-77. That leaves petitioner's assignment of error regarding the post-conviction court's denial of relief of his trial-counsel claim, as well as petitioner's *pro se* arguments. The deficiencies in the form of judgment are with respect to Claims 2 and 3 only and have not impaired our ability to review the post-conviction court's ruling on Claim 1, the trial-counsel claim. Having reviewed that ruling, we affirm it without further written discussion. Likewise, the deficiencies in the form of judgment as to Claims 2 and 3 do not impair our ability to assess petitioner's *pro se* arguments, which do not address those claims, which we also reject without further written discussion.

Reversed and remanded as to Claims 2 and 3 for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.