David C. GONZALES,
aka David Christopher Gonzales,
*Petitioner-Appellant,*

*v.*

Jeri TAYLOR,
Acting Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV120876; A154530

362 P3d 896

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief. The petition alleged three claims for relief: (1) that petitioner's trial counsel was constitutionally inadequate and ineffective (Claim 1); (2) that petitioner's appellate counsel was inadequate and ineffective (Claim 2); and (3) that errors by the trial court warranted post-conviction relief (Claim 3). Petitioner assigns error to the trial court's denial of relief on Claim 1 and Claim 2. He also assigns error to the post-conviction court's failure to enter judgment in the form required by ORS 138.640(1),[1] as construed by the Oregon Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). We reject petitioner's argument that the post-conviction court erred in denying relief on Claim 1, petitioner's claim of trial counsel inadequacy. However, we agree that the form of judgment entered by the post-conviction court does not satisfy the requirements of ORS 138.640(1) and *Datt* with respect to Claims 2 and 3. Accordingly, we reverse and remand for entry of a judgment that complies with *Datt* with respect to those two claims, and do not address the merits of petitioner's assignment of error challenging the denial of relief on Claim 2, the claim of appellate counsel inadequacy.

"ORS 138.640(1) imposes a clear-statement rule on judgments in post-conviction proceedings." *Soderstrom v. Premo*, 274 Or App 624, 626, 360 P3d 1272 (2015). Under *Datt*, to satisfy that rule, a post-conviction judgment that denies relief must do three things:

"(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

---

[1] ORS 138.640(1) provides:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

347 Or at 685. To comply with *Datt*'s third requirement, with respect to each claim that contains more than one element, "the judgment must identify each element that the court determined was not met[.]" *Soderstrom*, 274 Or App at 626.

Here, the judgment satisfies all of the *Datt* requirements only with respect to Claim 1. The judgment does not satisfy the *Datt* requirements as to Claims 2 and 3. Although the judgment sufficiently indicates that the post-conviction court considered and resolved those claims by stating "[a]ll questions were presented and decided," the judgment does not state whether the court rejected those claims for procedural reasons, on the merits, or both, as required by *Datt*'s second requirement. Further, to the extent that the court did reject those claims on the merits, the judgment does not comply with *Datt*'s third requirement as to Claim 2. That claim has two elements, *see Soderstrom*, 274 Or App at 626-27 (noting elements of claim of appellate counsel inadequacy), and the judgment does not identify which of those elements the court found was not met.[2]

The state does not seriously dispute that the judgment itself does not meet the requirements of *Datt* with respect to the second and third claims. Instead, the state argues that we should reject petitioner's claim of error as unpreserved. The state acknowledges that we routinely have concluded that the requirement of preservation is excused where, as here, the petitioner did not have the opportunity to object to the form of judgment before judgment was entered. *See Walker v. State of Oregon*, 256 Or App 697, 699, 302 P3d 469 (2013). The state urges us to reach a different conclusion in this case, arguing that, in light of parallels between the court's oral statements on the record about its reasons for denying relief and its written judgment, "[o]ne logical inference is that the trial court was, in fact, reading its written judgment into the record, thereby affording petitioner a

---

[2] Petitioner's third claim, which alleges trial court error, appears to have only one element. As a result, a statement in the judgment to the effect that the court was denying relief on that claim on the merits (if the court did, in fact, deny relief on the merits rather than for procedural reasons) would satisfy both the second and third requirements of *Datt*, by signaling that the court had determined that the single element of a single-element claim was not satisfied.

preview, and—importantly—an opportunity to identify for the court any issues that he felt had been left unresolved."

We are not persuaded. Even assuming that it could be inferred that the court was, in fact, reading from its written judgment (an inference that requires speculation), that did not give petitioner a practical ability to raise his concerns about the judgment's compliance with the ORS 138.640(1) clear-statement rule. Nothing in the court's remarks on the record would have suggested to petitioner that the court intended its oral remarks to comprise the whole of the judgment (in fact, they did not) so as to alert petitioner that he should point out to the trial court that *Datt* required the written judgment to say more. Additionally, there is no indication that petitioner received a copy of the written judgment to review before it was entered. Under those circumstances petitioner did not have the opportunity, as a practical matter, to raise the issues with the form of judgment to the post-conviction court. *Cf. Dudrov v. State of Oregon*, 274 Or App 636, 638-39, 361 P3d 647 (2015) (declining to review *Datt* claims as unpreserved when defendant had opportunity to review judgment and object to its form before it was entered).

Along with its preservation argument, the state raises two additional arguments in support of affirmance: (1) the judgment satisfied *Datt*'s requirements by referring to "the oral and written argument of defense counsel," and (2) *Datt* is predicated on a misunderstanding of federal habeas corpus law and, therefore, is wrongly decided. Our decision in *Soderstrom* forecloses each of those arguments. There, we held that a judgment's reference to arguments by lawyers does not supply the clear explanation required by *Datt*. *Soderstrom*, 274 Or App at 628-29. We also held that the argument that *Datt* was wrongly decided is one that is properly addressed to the Supreme Court, not to us. *Id.* at 629.

Because the post-conviction court's form of judgment, as to Claims 2 and 3, does not comply with ORS 138.640(1) as construed in *Datt*, we must reverse and remand for the post-conviction court to enter judgment that includes the required statements. *Soderstrom*, 274 Or App at 629-30. That leaves petitioner's assignments of error regarding the

merits of the post-conviction court's denial of relief on Claim 1 (trial counsel inadequacy) and Claim 2 (appellate counsel inadequacy). The deficiencies in the form of judgment have not impaired our ability to review the trial court's ruling on Claim 1 and, having reviewed that ruling, we affirm it without further discussion.

We take a different approach to petitioner's assignment of error challenging the denial of relief on Claim 2. The deficiencies in the form of judgment obscure the basis of the post-conviction court's denial of relief on that claim. Because we must remand for entry of a judgment that satisfies the *Datt* requirements as to that claim—a process that will clarify the court's ruling on it—we do not address petitioner's assignment of error. The post-conviction court will have the opportunity to further consider the claim on remand, and the court's clarification of its basis for denying relief may obviate the need for appellate review of the merits of its ruling. *See Myers v. Brockamp*, 271 Or App 716, 718, 353 P3d 1 (2015) (not addressing assignment of error challenging merits of post-conviction court's denial of relief on a claim, where judgment did not comply with *Datt* as to the claim, and the post-conviction court would have a chance to further address the merits of the claim on remand).

Reversed and remanded as to Claims 2 and 3 for entry of judgment including the findings required by ORS 138.640(1); otherwise affirmed.