Submitted September 11, affirmed November 4, 2015, petition for review denied March 3, 2016 (358 Or 794)

OLGA DUDROV,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV12060404; A154600

361 P3d 647

Ryan O'Connor and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Petitioner appeals from a judgment denying post-conviction relief. She does not challenge the merits of the post-conviction court's ruling. Instead, she assigns error only to the post-conviction court's failure to enter judgment in the form required by ORS 138.640(1),[1] as construed by the Supreme Court in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). We conclude that the assigned error is not preserved and, for that reason, affirm.

"ORS 138.640(1) imposes a clear-statement rule on judgments in post-conviction proceedings." *Soderstrom v. Premo*, 274 Or App 624, 626, 360 P3d 1272 (2015). To satisfy that clear-statement rule, a post-conviction judgment that denies relief must do three things:

> "(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

*Datt*, 347 Or at 685; *see Soderstrom*, 274 Or App at 628-29 (holding that judgment itself must contain the information required by *Datt*, and that *Datt*'s requirements cannot be satisfied by references to materials outside the judgment).

On appeal, petitioner argues that the post-conviction court's judgment is in the wrong form, and should have been written differently, given *Datt*. Petitioner acknowledges that she did not preserve her claim of error, but argues that we should conclude that she was excused from preservation requirements. She notes that we often have determined that preservation requirements should be excused in connection with claims of *Datt* error. *See Soderstrom*, 274 Or App at 625 n 3; *Walker v. State of Oregon*, 256 Or App 697, 699, 302 P3d 469 (2013).

---

[1] ORS 138.640(1) provides:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

Petitioner is right that we have deemed preservation requirements excused in appeals raising claims of *Datt* error. We have done so, however, where the post-conviction court did not employ a process that permitted the parties to object to the form of judgment. *Gonzales v. Taylor*, 274 Or App 631, 634, 362 P3d 896 (2015); *Soderstrom*, 274 Or App at 625 n 3; *Walker*, 256 Or App at 699, 699 n 1. Here, the post-conviction court did employ such a process. Consistently with ORS 18.035(1)[2] and UTCR 5.100,[3] the court directed the state's attorney to prepare the judgment and share it with petitioner's attorney before transmitting it to the court. The judgment signed by the post-conviction court reflects that it was, in fact, submitted by the state's attorney, and petitioner has not disputed that the parties followed the process directed by the court. That process provided petitioner with the opportunity to raise any issues with the form of judgment to the court before it was entered. Under those

---

[2] ORS 18.035(1) provides:

"In a civil action, the court may designate one of the parties to prepare a proposed judgment document. If the court does not designate a party to prepare a proposed judgment document, the prevailing party shall prepare a proposed judgment document. If more than one party has prevailed in the action, the prevailing parties may agree to designate one of the prevailing parties to prepare a proposed judgment document. Nothing in this subsection prevents any party to a civil action from preparing and submitting a proposed judgment document to the court."

Post-conviction proceedings are civil actions for purposes of the judgments statutes, ORS chapter 18. *See* ORS 18.005(3) ("'Civil action' means any action that is not a criminal action."); ORS 18.005(5) ("criminal action" for purposes of ORS chapter 18 has the meaning given by ORS 131.005); ORS 131.005(6) (defining "criminal action" to be "an action at law by means of which a person is accused of the commission of a violation, misdemeanor or felony").

[3] With some exceptions not applicable here, UTCR 5.100 provides for the opportunity to object to a proposed form of judgment prepared by a party to the case:

"(1) Any proposed judgment or proposed order submitted in response to a ruling of the court must be:

"(a) served on opposing counsel not less than 3 days prior to submission to the court, or

"(b) accompanied by a stipulation by opposing counsel that no objection exists as to the form of the judgment or order, or

"(c) mailed to a self-represented party at the party's last known address not less than 7 days prior to submission to the court, or

"(d) presented in open court with the parties present."

circumstances, we conclude that petitioner was not excused from the obligation to preserve her assigned error.[4]

Affirmed.

---

[4] Petitioner does not argue that we should review the assigned error as plain error.