Submitted November 5, affirmed December 9, 2015, petition for review denied March 3, 2016 (358 Or 794)

**JASON F. ASBILL,**
*Petitioner-Appellant,*

*v.*

**Rick ANGELOZZI,**
Superintendent,
Deer Ridge Correctional Institution,
*Defendant-Respondent.*

Jefferson County Circuit Court
11CV0054; A155154

365 P3d 587

Ryan T. O'Connor and O'Connor Weber LLP filed the brief for appellant.

Frederick M. Boss, Deputy Attorney General, Anna M. Joyce, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

HADLOCK, J.

## HADLOCK, J.

Petitioner was convicted of two counts of first-degree rape following a jury trial. Petitioner unsuccessfully appealed, then sought post-conviction relief based on allegations that he received inadequate assistance from his trial lawyer. The post-conviction court entered a judgment denying relief. On appeal from that judgment, petitioner first asserts that the court erred when it rejected his inadequate-assistance claim. We reject that argument, which forms the basis for petitioner's first four assignments of error, without discussion. For the reasons that follow, we also reject petitioner's fifth assignment of error, in which he challenges the form of judgment that the post-conviction court entered. Accordingly, we affirm.

The facts pertinent to our analysis are procedural and undisputed. Petitioner's amended petition for post-conviction relief includes a single claim for relief: that petitioner received constitutionally inadequate assistance from his trial lawyer because the lawyer "failed to properly and adequately object" to "vouching" testimony delivered by certain witnesses and also failed to object to certain statements that the prosecutor made during closing argument. A trial was held on the amended petition, at the end of which the post-conviction court orally explained why it was denying the requested relief. That explanation included findings about the adequacy of petitioner's lawyer's performance as well as findings related to petitioner's claim that he was prejudiced by his lawyer's representation.

The court then entered a judgment by completing what appears to be a standard form for use in post-conviction proceedings. That judgment includes the following provisions, among others:

- It identifies the exhibits that were admitted and asserts that the court considered the evidence, determined its relevance, materiality and "probative significance," and assessed the credibility of witnesses and their testimony.

- On blank lines that come after the following text on the blank form—"The Court makes the following

findings and conclusions"—the judgment includes a handwritten notation: "made on record."

- It states that petitioner "failed to meet his burden of proof."

- It states that the judgment "determines all issues presented."

- And it states that the amended petition is denied.

In his fifth assignment of error on appeal, petitioner asserts that the judgment "does not comply with ORS 138.640(1)," as the Supreme Court explained that statute in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). Petitioner contends that the judgment is deficient because it does not indicate "which elements of petitioner's ineffective assistance of counsel [claim] petitioner failed to prove." More specifically, petitioner complains that the judgment does not state whether the post-conviction court denied relief because petitioner failed to prove that his lawyer's performance was constitutionally inadequate or, instead, because petitioner failed to prove that he was prejudiced by any inadequate assistance. Petitioner bases that argument entirely on the fact that the judgment refers, "[i]n handwriting," to findings that the post-conviction court "made on [the] record," and does not spell out those same findings in the judgment document itself. Petitioner does not describe the post-conviction court's oral findings or argue that those findings—had they been detailed in the written judgment—would have been insufficient.

The state responds by asserting that the judgment meets the requirements of ORS 138.640(1), as explained in *Datt*. In particular, the state observes that the post-conviction court's oral findings address both the inadequate-performance and prejudice prongs of petitioner's post-conviction claim. "Because the post-conviction court's oral ruling clearly explained the basis for rejecting each claim and the judgment incorporated the oral ruling," the state argues, the judgment "satisfied ORS 138.640(1)."

The parties' disagreement thus reduces to a dispute regarding whether ORS 138.640(1) requires that the

judgment document itself include a complete explanation of the post-conviction court's ruling, without reference to findings made on the record. To resolve that dispute, we consider both the statute and *Datt*.

ORS 138.640(1) requires a post-conviction court's judgment to "clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided." In *Datt*, the Supreme Court explained that, to satisfy that clear-statement rule, a post-conviction judgment denying relief must do at least these three things:

> "(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

347 Or at 685. With respect to claims for inadequate assistance of counsel, the judgment does not meet the third *Datt* requirement unless it identifies which element— constitutionally inadequate performance or prejudice—the petitioner failed to prove:

> "When success on the merits obligates a petitioner to make two distinct legal showings—in this case, that trial counsel's performance was constitutionally inadequate and that petitioner suffered prejudice as a result—a court does not clearly state the legal bases for its denial of each claim for relief unless it explains, with regard to each claim for relief, whether petitioner failed to prove one (and if so, which one) or both of those requirements."

*Id.* at 686; *see Soderstrom v. Premo*, 274 Or App 624, 626, 360 P3d 1272 (2015) (discussing *Datt*'s requirements and the "clear-statement rule").

Only the third *Datt* requirement is at issue in this case. Again, the question is whether the post-conviction court can satisfy its obligation to explain "the legal bases for denial of relief" in the judgment by referring to findings that the court made on the record, or whether those findings must be spelled out in the judgment document itself.

In other contexts, it is commonplace for a judgment to include terms that are incorporated into the judgment by reference. *See, e.g., Miller and Miller*, 269 Or App 436, 439, 345 P3d 472 (2015) (trial court's judgment incorporated the court's oral findings and conclusions regarding each of the statutory factors for determining who should have custody of a minor child); *Stoecklin and Crippen*, 265 Or App 662, 664-65, 337 P3d 164 (2014) (supplemental judgment granting parent's petition to change child's last name incorporated the court's oral findings); *Pamplin v. Victoria*, 138 Or App 563, 566, 909 P2d 1245 (1996) (a judgment dismissing a civil action because of discovery violations incorporated the trial court's oral finding that the plaintiff's attorney acted willfully in ignoring a request for production). Although a trial court's judgment generally prevails over oral pronouncements by the court with which the written judgment document conflicts, *State v. Rood*, 129 Or App 422, 425-26, 879 P2d 886 (1994), the court's oral findings are not otherwise a nullity, unless a pertinent statute requires the findings to be made in writing.

Nothing in the wording of ORS 138.640(1) imposes more stringent requirements in the post-conviction context. That is, nothing in the statute mandates that the determinations that must be included in the judgment be written out, in potentially lengthy detail, in the judgment document itself, and not simply be incorporated by reference. We conclude that a post-conviction judgment can satisfy the statutory requirement to "clearly state the grounds on which the cause was determined" by incorporating by reference findings that the court made on the record at the post-conviction trial.[1]

Indeed, *Datt* itself makes a similar point. In that case, the Supreme Court addressed, among other things, whether the post-conviction judgment met the first of the newly announced *Datt* requirements: that the judgment "identify the claims for relief that the court considered and

---

[1] We note that incorporating the court's *own* findings by reference—which we hold a post-conviction court may do—differs fundamentally from purporting to incorporate arguments made by a particular party, which does not satisfy the third *Datt* requirement. *Soderstrom*, 274 Or App at 628-29. As we stated in *Soderstrom*, "[a]rguments by lawyers are not rulings by courts." *Id.* at 628.

make separate rulings on each claim." 347 Or at 685. In holding that the judgment fulfilled that requirement, the *Datt* court did not look only to the judgment document itself. Rather, the court referred to *both* "the petition *and* the trial court's statement that 'all questions were presented and decided'" to "identify the claims that the court considered and decided: all of the claims that [the] petitioner pleaded." *Id.* at 685-86 (emphasis added). Thus, the *Datt* court itself considered matters of record in the post-conviction proceeding that were not spelled out in the judgment—the nature of the claims in the petition for post-conviction relief—in determining that the judgment adequately "identif[ied] the claims for relief." *Id.* at 685.

In short, we conclude that the requirement that a judgment denying post-conviction relief "make the legal bases for denial of relief apparent," *id.*, can be met by oral findings that the post-conviction court makes on the record and incorporates into the judgment by reference. Petitioner's fifth assignment of error is premised on his contrary contention, *viz.*, that oral findings on the record cannot suffice.[2] Because we disagree with that proposition, and because we reject petitioner's other four assignments of error without discussion, we affirm the post-conviction court's judgment.

Affirmed.

---

[2] Again, petitioner does not contend that the post-conviction court's oral findings would have been insufficient had they been written out in the judgment document itself.