Submitted September 21, affirmed December 30, 2015, petition for review denied March 24, 2016 (358 Or 833)

## HUGO F. MARQUEZ,
*Petitioner-Appellant,*

*v.*

## Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
12C17079; A154928

365 P3d 695

Jason Weber and O'Connor Weber LLP filed the brief for appellant. Hugo Marquez filed the supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief (PCR), raising three assignments of error. We reject without written discussion petitioner's first and supplemental assignments of error.[1] In his second assignment of error, petitioner contends that the post-conviction court erred in entering a judgment that does not comply with ORS 138.640(1), as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). In *Datt*, the Supreme Court held that a judgment denying claims for post-conviction relief must, at a minimum:

"(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on a petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

347 Or at 685 (footnote omitted). Petitioner asserts that the form judgment entered in this case is deficient in all three respects. However, that argument is foreclosed by *Datt* itself and by our recent decision in *Asbill v. Angelozzi*, 275 Or App 408, 365 P3d 587 (2015).

As in *Datt*, the judgment here identifies the relevant petition for post-conviction relief, states that the judgment "determines all issues presented," and states that petitioner has "failed to meet his burden of proof." That is sufficient to satisfy the first two *Datt* requirements. 347 Or at 685. Moreover, in *Asbill*, we held that a post-conviction court can satisfy the third *Datt* requirement—that the court explain the "legal bases for denial of relief"—by "oral findings that the post-conviction court makes on the record and incorporates into the judgment by reference." 275 Or App at 413. That is precisely what the post-conviction court did here.

---

[1] In his first assignment of error in his opening brief, petitioner contends that the post-conviction court erred in denying his second claim for relief, "that trial counsel was ineffective because he failed to confront the CARES witness who testified against petitioner via video." In his *pro se* supplemental brief, petitioner asserts that the post-conviction court "committed plain error when it allowed PCR counsel's performance to fall below the level of suitability required by ORS 138.590 and when it allowed petitioner to be represented by ineffective PCR counsel under the U.S. Constitution, Am. 5, 6, and 14."

Accordingly, petitioner's second assignment of error lacks merit. We therefore affirm the post-conviction judgment.

Affirmed.