Submitted January 8, reversed and remanded for entry of judgment including the findings required by ORS 138.640(1) March 16, 2016

MICHAEL HIMEBAUGH,
*Petitioner-Appellant,*

*v.*

Jeri TAYLOR,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV131344; A157041

369 P3d 446

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Petitioner appeals a judgment denying post-conviction relief. His sole assignment of error asserts that the post-conviction court failed to enter judgment in the form required by ORS 138.640(1),[1] as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). Defendant asserts that petitioner's assignment of error is unpreserved because petitioner could have objected to the court's oral ruling explaining its grounds for denying relief and, in any event, contends that the judgment complies with ORS 138.640(1) because the judgment implicitly incorporates the court's oral ruling. Neither of defendant's arguments is well taken, and we conclude that the judgment does not satisfy the requirements of ORS 138.640(1). Accordingly, we reverse and remand for entry of judgment that is *Datt* compliant.

In his petition for post-conviction relief, petitioner alleged that his trial counsel was constitutionally inadequate and ineffective because he failed to ensure that petitioner's guilty plea was knowingly, intelligently, and voluntarily made (Claim 1). Petitioner asserted two *pro se* claims for relief, one alleging judicial misconduct and the other alleging that trial counsel failed to investigate his case (Claims 2 and 3). The post-conviction court denied relief, explaining orally that it did not find—as to Claim 1—that petitioner's trial counsel performed unreasonably or that trial counsel's conduct prejudiced petitioner. On the judgment form, the court checked three boxes indicating that: (1) the petition for post-conviction relief was denied, (2) the matter involved both federal and state constitutional issues, and (3) "[a]ll questions were presented and decided." The section in the judgment form that allowed for "findings and conclusions" was left blank; the judgment form lacked any other information regarding petitioner's claims, including any reference to the court's oral ruling.

---

[1] ORS 138.640(1) provides:

"After deciding the issues raised in the proceeding, the court shall enter a judgment denying the petition or granting the appropriate relief. The judgment may include orders as provided in ORS 138.520. The judgment must clearly state the grounds on which the cause was determined, and whether a state or federal question was presented and decided."

Petitioner asserts that that judgment form is not *Datt* compliant. In *Datt*, the Supreme Court concluded that ORS 138.640(1) requires a post-conviction judgment that denies relief to do three things:

"(1) identify the claims for relief that the court considered and make separate rulings on each claim; (2) declare, with regard to each claim, whether the denial is based on petitioner's failure to utilize or follow available state procedures or a failure to establish the merits of the claim; and (3) make the legal bases for denial of relief apparent."

347 Or at 685; *see Soderstrom v. Premo,* 274 Or App 624, 626, 360 P3d 1272 (2015) ("By its terms and as construed in *Datt,* ORS 138.640(1) imposes a clear-statement rule on judgments in post-conviction proceedings[.]"). In petitioner's view, the form of judgment entered in this case is not *Datt* compliant because it fails to meet all three *Datt* requirements. Petitioner acknowledges that he did not object to the entry of judgment but cites and quotes our decision in *Walker v. State of Oregon,* 256 Or App 697, 698-99, 302 P3d 469 (2013), to contend that the "dictates of preservation do not apply" to his assertion of post-conviction court error because he had no "practical ability to object to the purported error before entry of judgment." Defendant disagrees. That is, according to defendant, petitioner had a practical opportunity to object to the judgment form because, after the court made its oral findings, it stated that it would sign the judgment, which is dated that same day. Thus, defendant posits that "it can be reasonably inferred that the post-conviction court signed the judgment at the close of the hearing in the presence of petitioner, giving him a practical opportunity to object to its form."

We are not persuaded by defendant's preservation arguments. We rejected a similar argument in *Gonzales v. Taylor,* 274 Or App 631, 633-34, 362 P3d 896 (2015), in which the defendant (also the defendant in this case) argued that "'one logical inference is that the trial court was, in fact, reading its written judgment into the record, thereby affording petitioner a preview, and—importantly—an opportunity to identify for the court any issues that he felt had been left unresolved.'" We stated that that inference was speculative

and, even if the inference could be made, "[n]othing in the court's remarks on the record would have suggested to petitioner that the court intended its oral remarks to comprise the whole of the judgment (in fact, they did not) so as to alert petitioner that he should point out to the trial court that *Datt* required the written judgment to say more." *Id.* at 634. Similarly here, we cannot reasonably infer that the post-conviction court signed the judgment in the presence of petitioner at the proceeding—the record is silent on that point, and we will not speculate as to when and where the judgment was filled out and signed by the court. Additionally, assuming that such an inference is reasonable, the record fails to indicate that the process employed by the court allowed petitioner to review the form of judgment so that he could raise objections to it, and as in *Gonzales*, the court's remarks would not have alerted petitioner that it intended to incorporate them into its form of judgment. *Cf. Dudrov v. State of Oregon*, 274 Or App 636, 638-39, 361 P3d 647 (2015) (the post-conviction court's direction to the state's attorney to prepare the judgment and share it with petitioner's attorney before transmitting it to the court allowed petitioner "the opportunity to raise any issues with the form of judgment before it was entered").

Likewise, we are not persuaded by defendant's argument that the oral findings on the merits of Claim 1 comply with *Datt*'s second and third prongs.[2] As noted, the second prong requires that the court declare for each claim whether the denial is based on procedural grounds or on the claim's merits, and the third prong requires that the judgment form make apparent the legal bases for the court's denial. *Datt*, 347 Or at 685. In defendant's view, because the post-conviction court in its oral ruling did not bar Claim 1 on procedural grounds and denied the claim on the merits, indicating that petitioner's trial counsel's performance was neither constitutionally deficient nor prejudicial, the

---

[2] In *Datt*, the Oregon Supreme Court reasoned that by "reference to the petition and the trial court's statement that 'all questions were presented and decided,' we can identify the claims that the court considered and decided: all of the claims that petitioner pleaded." 347 Or at 685-86. The judgment form here similarly references the petition and indicates that "all questions were presented and decided" and, thus, satisfies the first *Datt* prong.

judgment "implicitly incorporates those findings," which satisfy the second and third requirements in *Datt*.[3]

Compare that argument with the circumstances of our recent decision in *Asbill v. Angelozzi*, 275 Or App 408, 409-10, 365 P3d 587 (2015), in which the post-conviction judgment included a handwritten notation that the court's findings and conclusions were "made on the record." We stated that, in "other contexts, it is commonplace for a judgment to include terms that are incorporated into the judgment by reference" and that "[n]othing in the wording of ORS 138.640(1) imposes more stringent requirements in the post-conviction context." *Id.* at 412. We concluded that "a post-conviction judgment can satisfy the statutory requirement to 'clearly state the grounds on which the cause was determined' by *incorporating by reference* findings that the court made on the record at the post-conviction trial" and that the judgment in that case was, therefore, in compliance with *Datt* because the incorporated oral findings satisfied the third *Datt* prong. *Id.* (emphasis added). Unlike in *Asbill*, however, the judgment form in this case does not include any reference to the court's oral findings, and we are unaware of other contexts in which a statutory requirement for express findings in the judgment form can be satisfied by implicit incorporation into the judgment form. Because the judgment form does not reference the trial court's oral findings, it does not incorporate those findings and, thus, does not satisfy the requirements of ORS 138.640(1).

The post-conviction court's form of judgment as to all claims does not comply with ORS 138.640(1) as construed in *Datt*, and we therefore reverse and remand for the post-conviction court to enter judgment that includes the required statements. *Soderstrom*, 274 Or App at 629-30.

Reversed and remanded for entry of judgment including the findings required by ORS 138.640(1).

---

[3] Defendant also contends that *Datt* was wrongly decided because federal law does not require express findings for habeas corpus practice. "That is an argument more appropriately directed to the Oregon Supreme Court than to us. Unless the Supreme Court modifies its holding in *Datt*, we, as an intermediate appellate court, must adhere to it." *Soderstrom*, 274 Or App at 629.