Submitted January 8, reversed and remanded for entry of judgment including the findings required by ORS 138.640(1) March 16, 2016

JUAN CARLOS LAGUNAS-GARCIA,
*Petitioner-Appellant,*

*v.*

Jeri TAYLOR,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV131038; A157019

277 P3d 105

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals a judgment denying post-conviction relief. His only assignment of error is an assertion that the post-conviction court failed to enter judgment in the form required by ORS 138.640(1), as construed in *Datt v. Hill*, 347 Or 672, 227 P3d 714 (2010). Defendant concedes that the form of judgment is not *Datt* compliant. However, defendant's concession assumes that the judgment implicitly incorporates the post-conviction court's oral findings. We reject that proposition, noting that the form of the judgment used in this case is virtually identical to the one we reversed today in *Himebaugh v. Taylor*, 277 Or App 18, 369 P3d 446 (2016). Because the post-conviction court's form of judgment as to all claims does not comply with ORS 138.640(1) as construed in *Datt*, the post-conviction court's judgment must be reversed and remanded for the court to enter a judgment that includes the required statements.

Reversed and remanded for entry of judgment including the findings required by ORS 138.640(1).