HADLOCK, J.
*588 Petitioner, who lived for many years in the United States as a permanent legal resident, appeals from a judgment denying his petition for post-conviction relief. Petitioner pleaded guilty to crimes including unlawful delivery of methamphetamine. He subsequently pursued post-conviction relief on the ground that he received inadequate assistance of counsel because the lawyer who represented him in the criminal proceeding did not advise him of the immigration consequences that would follow a guilty plea to the drug charges. Petitioner asserted that he would not have pleaded guilty had he been properly advised of those consequences. The post-conviction court denied relief following a trial. For the reasons set out below, we reverse and remand.
In the underlying criminal proceedings, petitioner was arrested and charged with three counts of unlawful delivery of methamphetamine, three counts of unlawful possession of methamphetamine, one count of first-degree child neglect, and one count of endangering the welfare of a minor. Petitioner subsequently entered into a plea agreement that resulted in him pleading guilty to two counts of unlawful delivery of methamphetamine and to endangering the welfare of a minor (the remaining charges were dismissed). The plea agreement permitted petitioner to argue for a probationary sentence and the prosecutor to argue for a sentence of imprisonment. At sentencing, petitioner's lawyer advocated strongly for probation, but the trial court imposed prison sentences on both delivery convictions and a concurrent jail sentence on the child endangerment conviction, resulting in a 28-month term of incarceration. Deportation proceedings subsequently were initiated against petitioner.
Petitioner filed a petition for post-conviction relief in which he claimed that he had received inadequate and ineffective assistance of counsel under both Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution. That claim was based on petitioner's allegation that the lawyer who represented him in the criminal proceedings did not inform him that his guilty plea to unlawful delivery of methamphetamine would trigger mandatory deportation proceedings. Petitioner alleged *589 that he would not have entered the plea agreement had he known of those immigration consequences; instead, he asserted, *466 he would have insisted on going to trial if that was the only avenue for possibly avoiding deportation. At the post-conviction trial, petitioner submitted evidence supporting that claim, including his own affidavit and live trial testimony, in which he stated that he did not know before he entered the plea agreement that he would be subject to mandatory removal if he pleaded guilty; he also asserted that he would not have entered the plea if he had had that information.[1]
In response to petitioner's inadequate-assistance claim, the state submitted an affidavit from the lawyer who represented petitioner during the criminal proceedings. That lawyer explained that his strategy was to obtain a probationary or work-release sentence for petitioner because, in that lawyer's experience, a sentence that did not involve incarceration "could help him avoid being noticed by federal officials," perhaps with the result that deportation proceedings would not be triggered. The lawyer also stated that he advised petitioner that "the guilty plea * * * could result in deportation, and further that a prison sentence would make deportation proceedings essentially guaranteed." At the post-conviction trial, the lawyer expressed his belief that he had told petitioner "that we could avoid deportation if he were granted probation," because the lawyer had "seen it where a person will plead guilty to an offense that would otherwise trigger deportation, but because they're out of custody, it never happens." The lawyer acknowledged, however, that he had not then known that deportation would be mandatory following petitioner's guilty plea no matter what sentence was imposed. He also acknowledged not having consulted an immigration attorney about petitioner's case, although that is now his practice "on any case where someone is not a citizen."
Relying on the trial lawyer's representations, the state argued that petitioner made a tactical choice to seek *590 a probationary sentence in hopes that he would not come to the attention of federal immigration officials if he were not incarcerated. The state also asserted that petitioner could not demonstrate prejudice.
The post-conviction court denied petitioner's claim for relief. The judgment states that relief is denied on the basis of the "findings of fact and conclusions of law as stated on the record." It also provides that all questions were presented and decided, but the judgment itself does not further explain the basis for the court's ruling. The referenced "on the record" findings include the court's explanation that it was denying relief because petitioner and his lawyer made a tactical decision to pursue a probationary sentence in hopes of staying "under the radar" with immigration authorities. The court further explained that the lawyer clearly was aware of the risk of deportation, and the court "could not think of why an attorney, knowing that, would not at least mention that to his client." See generally Asbill v. Angelozzi , 275 Or. App. 408, 413, 365 P.3d 587 (2015), rev. den. , 358 Or. 794, 370 P.3d 502 (2016) (a judgment denying post-conviction relief can meet the requirement of making the legal bases for denial apparent by incorporating by reference oral findings that the court made on the record).
On appeal, petitioner assigns error to the denial of post-conviction relief, particularly relying on his claim that he was denied effective assistance of counsel under the Sixth Amendment. He contends that Padilla v. Kentucky , 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed. 2d 284 (2010), mandates relief in this case because the evidence establishes that his lawyer did not advise petitioner that his guilty plea would result in mandatory deportation proceedings.[2]
*467 *591 To establish that he was deprived effective assistance of counsel under the Sixth Amendment, petitioner had the burden to show (1) that the performance of his trial counsel fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for trial counsel's ineffectiveness, the result of the proceeding would have been different, that is, that petitioner was prejudiced by the ineffective representation. Strickland v. Washington , 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984).[3] We review the post-conviction court's rejection of petitioner's ineffective-assistance claim for legal error. Green v. Franke , 357 Or. 301, 312, 350 P.3d 188 (2015). In conducting that review, we are bound by the court's factual findings if evidence in the record supports them. Id. "If the post-conviction court failed to make findings of fact on all the issues-and there is evidence from which such facts could be decided more than one way-we will presume that the facts were decided consistently with the post-conviction court's conclusions of law." Id.
As noted, petitioner's argument on appeal is premised on the holding in Padilla . In that case, as here, the petitioner was a lawful permanent resident of the United States who pleaded guilty to a state drug offense. 559 U.S. at 359, 130 S.Ct. 1473. His lawyer did not advise him that the crime to which he pleaded guilty was one that-"like virtually every drug offense except for only the most insignificant marijuana offenses"-made the petitioner "deportable" under 8 U.S.C. § 1227(a)(2)(B)(i). 559 U.S. at 359 & n. 1, 130 S.Ct. 1473. Indeed, the petitioner contended, his lawyer had told him that he did not need to worry about deportation because he had been in this country so long. Id. at 359, 130 S.Ct. 1473. The petitioner pursued post-conviction relief on a theory that he would have insisted on going to trial if he had not received incorrect advice from his attorney. Id.
The Court held that the petitioner was entitled to post-conviction relief, explaining that "constitutionally competent counsel would have advised him that his conviction *592 for drug distribution made him subject to automatic deportation." Id. at 360, 130 S.Ct. 1473. The Court recognized that there will be circumstances in which "the deportation consequences of a particular plea are unclear or uncertain" and in which, therefore, a lawyer's duty is only to "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." Id. at 369, 130 S.Ct. 1473. But, with respect to drug convictions, "the terms of the relevant immigration statute are succinct, clear, and explicit in defining the removal consequence * * *." Id. at 368, 130 S.Ct. 1473 (citing 8 U.S.C. § 1227(a)(2)(B)(i) ). Because the petitioner's lawyer could have readily determined that his client's conviction would result in "presumptively mandatory" deportation, the lawyer provided constitutionally inadequate representation by giving contrary advice. Id. at 369, 130 S.Ct. 1473.
The Court emphasized that the duty of criminal defense lawyers to correctly advise noncitizen clients on the immigration consequences of proposed plea agreements extends beyond a duty to avoid giving advice that is incorrect. Rather, attorneys must provide those clients "with available advice" about immigration issues. Id . at 371, 130 S.Ct. 1473. The failure to do so satisfies the "ineffective assistance" prong of a post-conviction claim under Strickland . Id .
In this case, the post-conviction court's denial of relief was premised on its view that, although the law "does say, that if you're convicted of delivery of methamphetamine, you're going to be deported," removal does not always happen because sometimes immigration officials do not "do what the law says they're supposed to do" or "didn't find it out." Thus, the court concluded, it was reasonable for petitioner's lawyer to advise his client to enter a plea agreement, and hope *468 that the trial court would sentence petitioner to probation "and that way that Homeland Security just might not find out about it and [petitioner] would be able to go home to his family." In conjunction with that explanation, the post-conviction court expressed doubt that petitioner's attorney would not have told petitioner, "You may be deported if you plead guilty."
That rationale does not recognize counsel's obligation, post- Padilla , to advise clients that guilty pleas to almost *593 any drug offense will result in "presumptively mandatory" deportation. Padilla , 559 U.S. at 369, 130 S.Ct. 1473. Indeed, the post-conviction court indicated that it would be sufficient for petitioner's lawyer to tell him that he "may" be deported. That is incorrect under Padilla , which holds that such advice is inadequate when a criminal defendant is contemplating pleading guilty to a drug crime.
Moreover, we reject the state's suggestion that we affirm on the basis that the post-conviction court implicitly found that petitioner's lawyer correctly advised him of the immigration consequences of pleading guilty, because the record would not support such a finding. Petitioner's lawyer acknowledged that he had been unaware, when he represented petitioner, that petitioner's plea would result in mandatory deportation. He also acknowledged that he had advised petitioner that a guilty plea "could" result in deportation, that a prison sentence would make deportation essentially guaranteed (suggesting that a different sentence would not), and that he had advised petitioner that he believed that petitioner could avoid deportation if he were sentenced to probation. No other evidence in the record suggests that petitioner's counsel gave more complete or more accurate advice. Accordingly, the record would not support any finding that petitioner's lawyer advised him in the terms that Padilla deems mandatory: that a conviction for this type of drug offense would make him "subject to automatic deportation." Id. at 360, 130 S.Ct. 1473. The post-conviction court erred when it concluded that the performance of petitioner's trial lawyer was not constitutionally deficient.[4]
The state argues that, nonetheless, we should affirm the denial of post-conviction relief on the ground that petitioner did not prove that he was prejudiced by his lawyer's representation. We disagree. The post-conviction court did not address whether petitioner suffered prejudice in the manner he claimed, that is, because he would not have *594 entered the guilty plea had his lawyer adequately advised him that a guilty plea would make him subject to automatic deportation. Moreover, because the record includes evidence supporting petitioner's claim that he would not have entered the plea agreement had he received that advice, the record does not compel a determination that petitioner suffered no prejudice. Accordingly, we cannot affirm on the alternative basis that petitioner did not demonstrate prejudice. See State v. Williams , 271 Or. App. 481, 488, 351 P.3d 791 (2015) (declining to affirm on alternative basis where the trial court did not reach the legal question presented by the alternative argument "and did not make any findings regarding potential inconsistencies" in the pertinent evidence). Rather, the post-conviction court will have an opportunity to determine on remand, in the first instance, whether petitioner was prejudiced by his lawyer's ineffective representation.
Reversed and remanded.

Petitioner also asserted in his post-conviction petition that those circumstances denied him of due process, but he did not further develop a due-process claim.

Petitioner raises three additional assignments of error on appeal. First, he contends that the post-conviction court's judgment does not comply with the clear-statement requirement of ORS 138.640(1), as construed in Datt v. Hill , 347 Or. 672, 227 P.3d 714 (2010). Our disposition obviates the need for us to address that contention. In his third assignment of error, petitioner contends that the post-conviction court erred by not granting relief on a claim that petitioner's plea was unknowing and involuntary. Petitioner's fourth assignment of error is based on a contention that the trial court improperly accepted petitioner's plea without first giving him advice required under ORS 135.385. The state accurately points out that petitioner did not present either of those claims in his petition for post-conviction relief. We reject the third and fourth assignments of error without further discussion.

The standard for determining the adequacy of counsel under Article I, section 11, of the Oregon Constitution is phrased differently but is functionally equivalent. Montez v. Czerniak , 355 Or. 1, 6-7, 322 P.3d 487, adh'd to as modified on recons. , 355 Or. 598, 330 P.3d 595 (2014).

This case does not present an occasion for us to decide whether a criminal defense lawyer provides constitutionally adequate representation by advising a defendant who is contemplating a plea to a drug crime both that a conviction will make the defendant subject to automatic deportation-as Padilla requires-and that the lawyer's practical experience is that deportation does not always follow such a plea.